IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LEIGHTON LASKEY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 06-018-JJF |
| PFC. ROBERT C. LEGATES, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Plaintiff H. Leighton Laskey("Laskey"), brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on January 20, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4). The Court now proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.

The claims against Supervisor John Doe, Governor Ruth Ann Minner, and the State of Delaware are dismissed as frivolous.

**I.  THE COMPLAINT**

Plaintiff brings suit against PFC Robert G. Legates ("Legates"), PFC Wheatley ("Wheatley"), Supervisor John Doe ("Supervisor Doe"), Delaware Governor Ruth Ann Minner ("Governor Minner"), and the State of Delaware ("State of Delaware"). The allegations in the complaint stem from Plaintiff's arrest on January 3, 2004.

Plaintiff was taken to the Millsboro Police Station by Legates, and there he was asked to take a blood alcohol test. Plaintiff refused. He alleges that the arresting office advised

Plaintiff that he would be taken to the hospital for the blood test. Plaintiff alleges that he again refused and asked to speak to an attorney. He next alleges that he was taken to the Beebe Hospital, and upon arrival he again refused to take a blood test, and again asked for an attorney. Plaintiff alleges that he was then dragged out of the police cruiser, sustained injuries and carried into the hospital. Once in the hospital Plaintiff alleges that he was held down and that blood was forcefully and involuntarily taken.

As a result of the foregoing, Plaintiff alleges that while at the Beebe Hospital in Delaware, Legates and Wheatley assaulted him and took evidence against his will. He alleges that the supervisor on duty at the time was Supervisor Doe, and that Governor Minner and the State of Delaware are the employers of Legates, Wheatley and Doe. Plaintiff seeks compensatory damages and an internal affairs investigation.

## II. STANDARD OF REVIEW

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds pro se, the complaint is construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III. Analysis

#### A. Respondeat Superior

Plaintiff brings suit against Supervisor Doe and Governor Minner. Plaintiff alleges that Governor Minner employed defendants, and that he wrote to Governor Minner. The allegations against Supervisor Doe are that he was on duty the night of the "involuntary" taking of evidence and the assault.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). There are no allegations in the complaint that point to Supervisor Doe's or Governor Minner's involvement.

Moreover, Plaintiff seeks to hold Supervisor Doe and Governor Minner liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that either Supervisor Doe or Governor Minner was the "driving force [behind]" the Plaintiff's alleged constitutional violations. Accordingly, the claims against Supervisor Doe and Governor Minner are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as they have no arguable basis in law or in fact.

    B.    **Eleventh Amendment Immunity**

Plaintiff also brings suit against the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil

rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Department of Corrections, 749 F.Supp. 572, 579 (D.Del. 1990). Consequently, Plaintiff's claim against the State of Delaware has no arguable basis in law or in fact because the State is immune from suit. Therefore, the claim against the State of Delaware is dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(b).

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this 9 day of February, 2006, IT IS HEREBY ORDERED that:

1. The clerk of the court shall forward a copy of this order to Plaintiff.

2. The claims brought against Supervisor John Doe, Governor Ruth Ann Minner, and the State of Delaware are **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **each remaining defendant**, **PFC Robert C. Legates and PFC Wheatley**, as well as for the **Chief Executive Officer for the City of Millsboro**. Plaintiff has already provided the Court with one copy of the complaint (D.I.

2) for service upon each defendant. **Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each defendant, and the Chief Executive Officer for the City of Millsboro within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

4. Upon receipt of the completed forms along with copies of the complaint, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), and this order upon Defendants and the Chief Executive Officer for the City Of Millsboro as directed by Plaintiff. All costs of service shall be advanced by the United States.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____
UNITED STATES DISTRICT JUDGE