IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LEIGHTON LASKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | C.A. No. 06-018-JJF |
| ) | |
| PFC. ROBERT C. LEGATES, ) | |
| PFC. WHEATLEY and JOHN DOE, ) | |
| Supervisor on duty at ) | |
| Millsboro Police Department, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF OF DEFENDANTS PFC ROBERT C. LEGATES, PFC WHEATLEY AND "JOHN DOE" SUPERVISOR ON DUTY AT MILLSBORO POLICE DEPARTMENT**

Pursuant to F.R.C.P. 12(b)(6), defendants PFC Legates, PFC Wheatley and "John Doe" move to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. The grounds for defendants' Motion are as follows:

1. Plaintiff's Complaint alleges that he was arrested under suspicion of driving under the influence of alcohol ("DUI") in Sussex County, Delaware on January 3, 2004. (Plaintiff's Complaint, Exhibit A attached hereto). According to plaintiff, he refused defendant Officer Legates' request that he take a breath test and then submit to a blood draw. Plaintiff remained adamant about his refusal to give blood after being transported to Beebee Hospital. Plaintiff then asserts that he was carried into the hospital and held down on a gurney while "blood was taken forcefully and involuntarily by the Millsboro Police." Id.

2. The gist of Plaintiff's Complaint is that after being taken into custody for DUI the defendant police officers forcefully held him down on a gurney while blood was drawn against his will. Plaintiff fails to state a claim because police officers are entitled to use reasonable force in taking a blood sample from a suspected drunk driver without a warrant. Schmerber v. California, 384 U.S. 757, 760 (1966); McCann v. State of Delaware, 588 A.2d 1100, 1101-02 (Del. Supr. 1991). The defendant in McCann refused consent to a blood draw after being arrested on suspicion of DUI. The officer struggled to hold McCann's arm down so that a sample could be taken and then used a stun gun on McCann's arm. The Court ruled that the officer acted properly under the law, noting that Schmerber had "already determined that the intrusion of a blood test was minimal, particularly in light of the strong societal interest in highway safety." Id. at 1102.

3. Plaintiff does not assert that the force used was unreasonable or excessive. Plaintiff's claim is based solely on his allegation that force was used to draw blood against his will. Because the law allows police officers to use force in this circumstance, plaintiff fails to state a claim upon which relief can be granted.

**WHEREFORE**, defendants requests that plaintiff's Complaint be dismissed with prejudice.

                    **AKIN & HERRON, P.A.**

                    <u>/s/ Bruce C. Herron</u>
                    Bruce C. Herron
                    Attorney I.D. No.: 2315
                    1220 N. Market Street
                    Suite 300
                    P.O. Box 25047
                    Wilmington, DE 19899
                    (302) 427-6987
                    Attorney for Defendants
                    PFC Robert C. Legates, PFC
                    Wheatley and "John Doe"
                    Supervisor on Duty at
                    Millsboro Police Department

Dated: June 21, 2006

H:\tmw5\data\files\Docs\3651.044\MTD\4689.WPD