HONORABLE JUDGE  
JOSEPH J. FARNAN  
U.S. DISTRICT COURT  
844 N.KING STREET  
WILMINGTON,DELAWARE  
19801  

CASE#06-018-JJF



OBJECTION TO DEFENSE  
REQUEST TO DISMISS

DEAR SIR,

THIS IS THE PLAINTIFFS TURN TO SHOW CAUSE TO WARRANT TRIAL AND REQUEST THAT THE DEFENSE MOTION TO DISMISS PLEASE BE DENIED.

1. THAT DELAWARE LAW (DWI) STATES THAT IF A DEFENDANT IN A MISDEMEANOR CASE CHOOSES TO ENVOKE THEIR STATUTORY RIGHT TO REFUSAL THE POLICE CANNOT INVOLUNTARILY TAKE CHEMICAL TEST.
2. THAT THERE IS ENOUGH STATEMENTS OF REFUSAL IN DELAWARE LAW THAT WITHOUT VEHICULAR MANSLAUGHTER OR INJURY THE ACCUSED HAS A STATUTORY RIGHT TO REFUSE A CHEMICAL TEST.
3. THAT WEBSTERS DICTIONARY DEFINES REASONABLE AS "NOT EXTREME OR EXCESSIVE OR IMMODERATE."
4. THAT WEBSTERS DICTIONARY DEFINES EXCESSIVE – APPLIES TO THAT WHICH GOES BEYOND WHAT IS PROPER.
5. PLEASE REFER TO ENCLOSED DOCUMENTS.

" CONCLUSION"

THAT IF THE STATE ALLOWS YOU TO ENVOKE STAUTORY RIGHT TO REFUSAL, YOU EXERCISE YOUR RIGHTS AND POLICE DRAG YOU FROM THE POLICE CRUISER AND CREATE AN INJURY TO A SUSPECT AND FORCIBLY TAKE EVIDENCE THAT THIS BECOMES AN UNREASONABLE ACT WITH EXCESSIVE FORCE.

CC. BRUCE HERRON

RESPECTFULLY

*H. Leighton Laskey*  
H.LEIGHTON LASKEY  
527 BALTIC AVE  
BALTIMORE,MD

**DEPARTMENT OF PUBLIC SAFETY — DIVISION OF MOTOR VEHICLES**
Revocation Section, P.O. Box 698, Dover, DE 19903-0698
Telephone (302) 739-4426

CONTROL NO. **148115**

State of Delaware — Department of Public Safety

| Field | Value |
|---|---|
| ISSUE DATE (*) | 01-03-2004 |
| SUBJECT'S SIGNATURE | [signed] |
| NAME (LAST) | Laskey 2nd |
| (FIRST) | Howard |
| (MIDDLE) | L |
| D.O.B. | 04-11-64 |
| ADDRESS | 527 Baltic Ave |
| CITY | Baltimore |
| STATE | MD |
| ZIP | 21225 |
| VIOLATION DATE | 01-03-04 |
| TICKET NO. | WARRANT |
| B.A.C. | BLOOD |
| DRIVER LICENSE NO. | L-206-313-501-283 |
| CLASS | C |
| REST. | B / J |

NOTE: ALL ABOVE INFORMATION MUST BE COMPLETED IN FULL

### OFFICIAL NOTICE AND ORDER OF REVOCATION

You are hereby notified that the Department of Public Safety will revoke your driver's license and/or driving privileges in this state. This revocation shall become effective fifteen (15) days from the issue (*) date above UNLESS you request a hearing in writing from the Secretary of Public Safety, Division of Motor Vehicles at any motor vehicle facility.

If you do not request a hearing within fifteen (15) days of the issue (*) date, the ORDER OF REVOCATION SHALL BECOME EFFECTIVE.

**YOUR DELAWARE LICENSE MUST BE SURRENDERED TO THE DIVISION OF MOTOR VEHICLES IMMEDIATELY, IF IT WAS NOT TAKEN BY THE ARRESTING OFFICER.**

### HOW TO REQUEST A HEARING

You may appear in person at any Motor Vehicle facility to file a written request for a hearing or mail a request to the above address on this revocation within fifteen (15) days of the issue (*) date above.

If a written request for a hearing is filed during the fifteen (15) day period, the revocation shall NOT become effective unless the FINAL DECISION of the Hearing Officer results in a decision ruled against you.

### REASON FOR AND PERIOD OF REVOCATION

☐ Refused chemical test (implied consent) Authorized by 21 DEL. C. § 2742(b)(1)

  ☐ 1 Year if no prior driving under the influence offense or § 2742(b)(1) or § 2742(c)(1) violation within 5 years from the date of arrest.
  ☐ 18 months if one prior driving under the influence or § 2742(b)(1) or § 2742(c)(1) violation within 5 years from the date of arrest.
  ☐ 24 months if two or more prior driving under the influence offenses or § 2742(b)(1) or § 2742(c)(1) violations within 5 years from the date of arrest.

☐ Probable cause for arrest (driving, operating, or having in actual physical control a vehicle while under the influence of alcohol and/or drugs) authorized by 21 Del. C. § 2742(c)(1) Information filed:  ☐ Vehicular Homicide   ☐ Vehicular Assault

  ☐ 3 months if no prior driving under the influence offense or § 2742(b)(1) or § 2742(c)(1) violation within 5 years from the date of arrest.
  ☐ 1 year if one prior driving under the influence or § 2742(b)(1) or § 2742(c)(1) violation within 5 years from the date of arrest.
  ☐ 18 months if two or more prior driving under the influence offenses or § 2742(b)(1) or § 2742(c)(1) violations within 5 years from the date of arrest.

### THE HEARING WILL BE HELD TO DETERMINE:

1. Whether the police officer had probable cause to believe you were driving, operating, or having in actual physical control a vehicle while under the influence of alcohol and/or drugs.
2. Whether by a preponderance of the evidence it appears that the person was driving, operating or having in actual physical control a vehicle while under the influence of alcohol and/or drugs.
3. Whether the person refused to permit the test after being informed of the penalty of revocation for such refusal.

### REINSTATEMENT

You are required to: Have an alcohol evaluation under authority of the Delaware DUI Evaluation/Referral Program; Satisfactorily complete the alcohol education and/or rehabilitation program as determined by the evaluation. Serve the revocation period listed above. Pay all fees associated with the evaluation and alcohol program. Pay a reinstatement fee of $143.75 to the Division of Motor Vehicles before the reinstatement of your driver's license and/or driving privilege.

### TEMPORARY LICENSE

This entire form is valid as a Temporary License for fifteen (15) days from the issue (*) date above, unless your driver's license or driving privileges have been withdrawn previously. This fifteen (15) day temporary shall be extended by official DMV authorization as indicated below upon receipt of a written request for a hearing and will remain in effect pending the final decision of the hearing officer unless another action has caused the withdrawal of your driver's license or driving privilege.

Arresting Officer: Leggates
I.B.M. or I.D. #: 1067
Troop or Station: Millsboro PD

☒ NO TEMPORARY LICENSE ISSUES:
  REASON:  ☐ Suspended or revoked
           ☐ Not Licensed
           ☐ No License in possession
           ☒ Out of State Licensee

MOTOR VEHICLE USE ONLY
This Temporary License is
Extended until: _____
Authorized by: _____
Date: _____

PLEASE NOTE: THE DEFENDANT MUST RECEIVE THE WHITE OF THIS NOTICE WITHOUT EXCEPTION!

DMV Form MV-529 (8/97)

Doc. Control # 45-07-9



§ 2740. | § 2741. | § 2742. | § 2743. | § 2744. | § 2745. | § 2746. | § 2747. | § 2748. | § 2749. | § 2750.

# TITLE 21

## Motor Vehicles

## PART II

## Registration, Title and Licenses

### CHAPTER 27. DRIVER'S LICENSE

### Subchapter III. Suspension and Revocation of License for Refusal to Submit

#### § 2740. Consent to submit to chemical test; probable cause; test required.

(a) Any person who drives, operates or has in actual physical control a vehicle, an off-highway vehicle, or a moped within this State shall be deemed to have given consent, subject to this section and §§ 4177 and 4177L of this title to a chemical test or tests of that person's blood, breath and/or urine for the purpose of determining the presence of alcohol or a drug or drugs. The testing may be required of a person when an officer has probable cause to believe the person was driving, operating or in physical control of a vehicle in violation of §§ 4177 and 4177L or § 2742 of this title, or a local ordinance substantially conforming thereto.

(b) The testing shall be required of a person when an officer has probable cause to believe the person was driving, operating or in physical control of a vehicle in violation of § 4177 or § 2742 of this title or a local ordinance substantially conforming thereto and was involved in an accident which resulted in a person's death. In the event of a fatal accident if the officer does not believe that probable cause exists to require testing, then the officer shall file a written report outlining the reasons for that determination. (21 Del. C. 1953, § 2740; 57 Del. Laws, c. 52; 61 Del. Laws, c. 474, § 1; 63 Del. Laws, c. 430, § 1; 64 Del. Laws, c. 13, § 1; 70 Del. Laws, c. 36, § 2; 70 Del. Laws, c. 186, § 1; 70 Del. Laws, c. 236, § 1; 70 Del. Laws, c. 265, § 1.)

#### § 2741. Administration of test; refusal to take test.

(a) At the time a chemical test specimen is required, the person may be informed that if testing is refused, the person's driver's license and/or driving privilege shall be (1) revoked for a period of at least 1 year if a violation of § 4177 is alleged; or (2) revoked for a period of at least 2 months if a violation of § 4177L is alleged. The test(s) shall be administered by qualified personnel, as defined in § 2746 of this title, at the direction of the police officer who shall designate which of the tests shall be administered.

(b) If there are reasonable grounds to believe that there is impairment by a drug or drugs which are not readily subject to detection by a breath test, a blood and/or urine test may be required even after a breath test has been administered.

(c) The fact that the police officer offered or required a person to submit to a preliminary screening test of the person's breath in order to estimate the alcohol concentration of the person's blood, at the scene of the stop or other initial encounter between the officer and the person, shall have no bearing upon the implied consent provisions of this chapter. Refusal to take such a preliminary screening test shall not be deemed an implied consent violation nor shall the taking of such a test satisfy the requirements of the implied consent law. (21 Del. C. 1953, § 2740A; 57 Del. Laws, c. 52; 61 Del. Laws, c. 474, § 1; 63 Del. Laws, c. 430, § 2; 64 Del. Laws, c. 13, § 2; 70 Del. Laws, c. 36, § 12; 70 Del. Laws, c. 186, § 1.)

**§ 2742. Revocation; notice; hearing.**

(a) If a person refuses to permit chemical testing, after being informed of the penalty of revocation for such refusal, the test shall not be given but the police officer shall report the refusal to the Department. The police officer may, however, take reasonable steps to conduct such chemical testing even without the consent of the person if the officer seeks to conduct such test or tests without informing the person of the penalty of revocation for such refusal and thereby invoking the implied consent law.

(b)(1) Upon certification by the police officer that there existed probable cause to believe that the person had been acting in violation of § 4177 of this title or a local ordinance substantially conforming thereto and that the person refused to submit to a chemical test after being informed of the penalty of revocation for such refusal, the Secretary shall revoke the person's driver's license and/or driving privilege for a period of 1 year for a person with no previous violation of § 4177 of this title or this section or a similar statute of any state or the District of Columbia or local government, within 5 years of the date of the charge in question; 18 months' revocation for a person with 1 previous violation of such statutes as described above; and 24 months' revocation for a person with 2 or more previous violations of such statutes as described above.

(2) Upon certification by the police officer that there existed probable cause to believe that the person had been acting in violation of § 4177L of this title or a local ordinance substantially conforming thereto and that the person refused to submit to a chemical test after being informed of the penalty of revocation for such refusal, the Secretary shall revoke the person's driver's license and/or driving privilege for a period of 2 months for a person with no previous violation of § 4177L of this title or this section or a similar statute of any state or the District of Columbia or local government; 6 months for a person with a previous violation of such statutes as described above; and 12 months revocation for a person with 2 or more previous violations of such statutes as described above.

(c) Except in those cases wherein the police officer acts pursuant to subsection (b) of this section:

(1) Upon certification by the police officer that there existed probable cause to believe that the person was in violation of § 4177 of this title or a local ordinance substantially conforming thereto and the person was arrested on that occasion for a violation of § 4177 of this title or a local ordinance substantially conforming thereto or for violation of a criminal statute dealing with injury or death caused to another person by the person's driving or operation of the vehicle, if driving under the influence is included as an element of such charge, the Secretary shall revoke the person's driver's license and/or driving privilege for a period of 3 months for a first time DUI offender, 1 year for a second DUI offender, or 18 months for more than 2 DUI offenses. For purposes of this subsection, a DUI offender shall include anyone who has previously committed a first offense as defined in § 4177B(e) or lost their license pursuant to this section and any person

### § 2748. Civil liability.

A duly licensed physician, medical technician or registered nurse withdrawing a blood sample under this subchapter and a hospital employing such physician, technician or nurse shall not be liable for civil damages for any acts or omissions arising out of the taking of such sample, provided, however, this section shall not relieve such person from civil liability for any malicious act or gross negligence perpetrated in taking the blood. (21 Del. C. 1953, § 2740H; 57 Del. Laws, c. 52.)

### § 2749. Refusal to submit as admissible in evidence.

Upon the trial of any action or proceeding arising out of the acts alleged to have been committed by any person while in violation of § 4177 or § 4177L of this title or local ordinance substantially conforming thereto, the court may admit evidence of the refusal of such person to submit to a chemical test of breath, blood or urine under this subchapter. (21 Del. C. 1953, § 2740I; 57 Del. Laws, c. 52; 63 Del. Laws, c. 430, § 7; 64 Del. Laws, c. 13, § 7; 70 Del. Laws, c. 36, § 8; 70 Del. Laws, c. 186, § 1.)

### § 2750. Admissibility in evidence of results of chemical test.

(a) Upon the trial of any action or proceeding arising out of acts alleged to have been committed by any person while under the influence of alcohol, a drug or drugs, with respect to any chemical test taken by or at the request of the State, the court shall admit the results of a chemical test of the person's breath, blood or urine according to normal rules of search and seizure law. The informing or failure to inform the accused concerning the implied consent law shall not affect the admissibility of such results in any case, including a prosecution for a violation of § 4177 of this title. The informing of an accused concerning the implied consent law shall only have application and be relevant at a hearing concerning revocation of the driver's license of said person for a violation of the implied consent law. Nothing contained in this section shall be deemed to preclude the admissibility of such evidence when such evidence would otherwise be admissible under the law relative to search and seizure law such as when such evidence has been obtained by valid consent or other means making the obtaining of the evidence legal under the Fourth Amendment.

(b) The doctor-patient privilege shall not apply to the disclosure to law-enforcement personnel nor the admissibility into evidence in any criminal proceeding of the results of a chemical test of a person's blood, breath or urine for the purpose of determining the alcohol or drug content of that person's blood irrespective of whether such test was done at the request of a treating physician, other medical personnel or a peace officer. (63 Del. Laws, c. 86, § 1; 63 Del. Laws, c. 430, § 8; 64 Del. Laws, c. 13, § 8; 70 Del. Laws, c. 186, § 1.)

NOTICE: The Delaware Code appearing on this site was prepared by the Division of Research of Legislative Council of the General Assembly with the assistance of the Government Information Center, under the supervision of the Delaware Code Revisors and the editorial staff of LexisNexis, includes all acts up to and including 75 Del. Laws, c. 277, effective June 7, 2006.

DISCLAIMER: Please Note: With respect to the Delaware Code documents available from this site or server, neither the State of Delaware nor any of its employees, makes any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose, or assumes any legal liability or responsibility for the accuracy, completeness, or usefulness of any information, apparatus, product, or process disclosed, or represents that its use would not infringe privately-owned rights. This information is provided for informational purposes only. Please seek legal counsel for help on interpretation of individual statutes.

| STATE | STATUTE | STATUTORY LANGUAGE | REFUSAL SANCTIONS first offense |
|---|---|---|---|
| Delaware | 21 Del. C. § 2749 | privilege may be suspended in accordance with the provisions of this section if he refuses to submit to such test or if he submits to such test and the results of such test indicate that the ratio of alcohol in his blood was ten-hundredths of one per cent or more of alcohol, by weight, and that evidence of any such refusal shall be admissible in accordance with subsection (f) of section 14-227a and may be used against him in any criminal prosecution . . . . | |
| District of Columbia | D.C. Code § 40-505 | Upon the trial of any action or proceeding arising out of the acts alleged to have been committed by any person while in violation of § 4177 or § 4177L of this title or local ordinance substantially conforming thereto, the court may admit evidence of the refusal of such person to submit to a chemical test of breath, blood or urine under this subchapter. | Criminal Offense: None<br><br>License Suspension: 1 year |
| Florida | Fla. Stat. § 316.1932 | (c) If the person under arrest refuses to submit to the test, or subsequently exercises the right to object to the use of the test results pursuant to subsection (b) of this section, evidence of such refusal shall be admissible in any civil or criminal proceeding arising as a result of the acts alleged to have been committed by the person prior to the arrest. | Criminal Offense: None<br><br>License Suspension: 12 months |
| Georgia | O.C.G.A. § 40-6-392 | 1 (a) The refusal to submit to a chemical or physical breath test or to a urine test upon the request of a law enforcement officer as provided in this section is admissible into evidence in any criminal proceeding. | Criminal Offense: None<br><br>License Suspension: 12 months |
| Hawaii (Inadmissible) | HRS § 291E-16 | (d) In any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him. | Criminal Offense: None<br><br>License Suspension: 1 year |
| | | [Effective January 1, 2002] If a legally arrested person refuses to submit to a test of the person's breath, blood, or urine, evidence of refusal shall be admissible only in a proceeding under part III [an administrative license revocation hearing] or section 291E-85 and shall not be admissible in any other action or proceeding, whether civil or criminal. | Criminal Offense: None<br><br>License Suspension: 1 year |

NATIONAL TRAFFIC LAW CENTER

3

# APPENDIX A
## Criminal Provisions and Penalties for BAC Test Refusal

| State | Provisions ||||||||
|---|---|---|---|---|---|---|---|---|
| | Can Test be Forced? | Is Test Refusal a Crime? | Is Test Refusal Admissible as Evidence? | Administrative Action for Test Refusal | Is License Revoked/ Suspended for Refusal? | License S-Suspension R-Revocation for Test R ||| 
| | | | | | | Adm or Court Suspension; Hard or Soft (1st Refusal) | 1st Refusal | 2nd Refus |
| Alabama | Yes: Court Order +Death/Injury crash | No | Civil & Criminal Cases | Yes | Suspended | Adm/Hard | S-90 days (mand) | S-1 y (man |
| Alaska/ May forfeit car for subsequent refusals | Yes: DWI+Death/ Injury Crash | Class A Misdemeanor | Civil & Criminal Cases | Yes: 90 days (1st) | Revoked | Court/Hard | R-90 days (mand) | R-1 y (man |
| Arizona | Yes: Search Warrant | No | Civil & Criminal Cases | Yes | Suspended | Adm/Hard | S-12 months (mand) | S-2 y (man |
| Arkansas | Yes: DWI+Death/ Injury Crash | No | Criminal Cases | Yes | Suspended | Adm/Hard | S-90 days (mand) | S-2 y (man |
| California | Yes: DWI+prompt testing | If convicted of DWI then the refusal is a criminal offense | Civil & Criminal Cases | Yes: 1 yr (1st) | Suspended/ Revoked | Adm/Hard | S-1 yr (mand) | S-2 y (man |
| Colorado | Yes: DWI+Death/ Injury Crash | No | Criminal Cases | Yes | Revoked | Adm/Hard | R-1 yr (mand) | R-2 y (man |
| Connecticut | Yes: DWI+Death/ Injury Crash | No | Criminal Cases | Yes | Suspended | Adm/Hard | 90 days (mand) - 6 months (special permit available) | S-1 y (man |
| Delaware/ Ignition Interlock Diversion for 1st DWI | Yes: DWI + Death/Injury | No | Civil & Criminal Cases | Yes | Revoked | Adm/Hard | R-6 months (mand) - 1 yr | R-1 mont (man |
| DC | Yes: DWI+Death/ Injury Crash | No | Civil & Criminal Cases | Yes | Suspended | Adm/Hard | S-12 months (mand) | S-12 mont (man |
| Florida | Yes: DWI+Death/ Injury Crash | No | Criminal Cases | Yes | Suspended | Adm/Hard | S-90 days (mand) | S-18 mont (man |
| Georgia | No | No | Criminal Cases | Yes | Suspended | Adm/Hard | S-1 yr (mand) | S-1 y (man |
| Hawaii/ Vehicle registration revoked for Refusal | Yes: DWI+Death/ Injury Crash | No | Adm hearing abt revocation | Yes | Revoked | Adm/Hard | R-30 days (mand) - 1 yr | R-2 y (man |
| Idaho | Yes: DWI+Death/ Injury Crash | No | Criminal Cases | Yes | Suspended | Adm/Hard | S-180 days (mand) | S-1 y (man |
| Illinois | Yes: DWI+Death/ Injury Crash | No | Civil & Criminal Cases | Yes | Suspended | Adm/Soft | S-6 months (judicial permit | S-2 y (mand 3 yr |

revocation penalty for refusing such a test.

If you receive an unfavorable ruling at the administrative hearing or fail to request a hearing, your license or driving privilege will be revoked for:

- 3 months for the first offense
- 12 months for the second offense
- 18 months for the third or subsequent offense

The penalties for Refused Chemical test are:

- 12 months for the first offense
- 18 months for the second offense
- 24 months for the third or subsequent offense

**DUI Court Procedures**

At the time of arraignment, you may elect to apply for enrollment in a First Offense Election program in lieu of standing trial. If you elect to apply, the application will constitute an admission of guilt and a waiver of the right to a speedy trial. You also agree not to request an administrative hearing at the Division of Motor Vehicles (DMV) or to withdraw any request previously made for this violation. The court will notify DMV of your decision. DMV will revoke your license and/or driving privilege for a period of one year for the First Offense Election and any applicable period of revocation for the administrative action of probable cause or refused chemical test. (See penalties listed above)

To be considered for a First Offense Election (may only qualify 1 time for FOE) one cannot have:

1. A previous DUI
2. Three or more moving violations within 2 years
3. Caused injury to another person
4. A BAC of .20% or greater
5. Been a suspended or revoked driver or had no valid license at the time of the arrest
6. Been transporting a child under 17 years of age on or within a vehicle while under the influence

At the time of your First Offense Election you may request the court to permit you to take the First Offense Election - IID Diversion option. This option allows you the benefit of driving authority *after a minimum of 1-month loss of license* upon meeting the criteria outlined below.

1. You held a valid Delaware driver's license at the time of your DUI violation
2. You agreed to take the chemical test at the time of your arrest
3. Your revoked Delaware driver's license has been surrendered to the Division of Motor Vehicles for a minimum of 1 month
4. You have completed an alcohol evaluation and are enrolled in the designated alcohol program.
5. Your license is not suspended or revoked for any reason which would prevent the issuance of the IID license

The IID license provides unlimited *Class D* driving authority, provided you are driving the specified vehicle equipped with the ignition interlock device and have the IID license in your possession. (See the IID section below for further information on this program.)

**Evaluation Process**

Any individual arrested for DUI must schedule an evaluation with the Delaware Evaluation and Referral Program (DERP).

An individual may request an evaluation following their arrest, an evaluation will be ordered by the court, or by DMV. The evaluation costs $75.00. There is a $25.00 missed appointment fee. The evaluation and referral of a DUI offender is an information gathering and analysis process. The client meets individually with an evaluator to construct a personal history, including medical, legal, social, and psychological information. The evaluation takes approximately 1+ hours.




NCSL Drunk Driving Information
# State Implied Consent Laws

*as of January 2000*

**Legend:**

nmt = not more than
n/a = not applicable
R = revocation
S = suspension
off. = offense

| State | Arrest Required | Applies to Drugs | Refusal Admissible as Evidence | Criminal Penalties for Refusal Fine/Jail | License Sanction 1st Offense | License Sanction 2nd Offense |
|---|---|---|---|---|---|---|
| Alabama | yes | no | yes | none | S 90 days | S 1 yr |
| Alaska | yes | no | yes | 1st off. nmt $5,000/1 year. 2nd w/in 5 years: nmt $50,000. | R 90 days | R 1 yr |
| American Samoa | yes | no | yes | none | S 90 days | S 90 days |
| Arizona | yes | yes | yes | none | S 12 months | S 2 yrs |
| Arkansas | no | yes | yes | fines/comm.service for drivers under 21 | S 6 months | S 2 yrs |
| California | yes | yes | yes | none | S 1 yr | R 2 yrs |
| Colorado | no | yes | yes | none | R 1 yr | R 2 yrs |
| Connecticut | yes | yes | yes | none | -- | S 1 yr |
| Delaware | no | yes | yes | none | R 6 months | R 18 months |
| DC | yes | yes | yes | none | S 12 months | S 12 months |
| Florida | yes | yes | yes | none | S 90 days | S 18 months |
| Georgia | yes | yes | yes | none | S 1 yr | S 1 yr |
| Guam | n/a | n/a | n/a | n/a | n/a | n/a |
| Hawaii | yes | yes | yes | none | R 1 yr | R 2 yrs |
| Idaho | no | yes | yes | none | S 180 days | S 1 yr |
| Illinois | yes | yes | yes | none | -- | S 2 yrs |

I H. Leighton Jackey do attest that I have forwarded a copy of objection to the defense attorney Bruce C. Herron a 1220 N. MARKET ST SUITE 300 P.O. BOX 25047 Wilmington DE. 15899

H Leyton Jackey
527 BALTIC AVE
BALTIMORE, MD
21225