IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LEIGHTON LASKEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-018-JJF |
| PFC. ROBERT C. LEGATES, PFC. WHEATLEY, MILLSBORO POLICE DEPARTMENT, and TOWN OF MILLSBORO, | : |
| Defendants. | : |

H. Leighton Laskey, Pro se Plaintiff.

Bruce C. Herron,, Esquire, Wilmington, Delaware. Attorney for Defendants Pfc. Robert C. Legates, Pfc. Wheatley, Millsboro Police Department, and Town of Millsboro.

**MEMORANDUM OPINION**

February 20, 2007
Wilmington, Delaware

Farnan, District Judge

    Presently before the Court are Motions To Dismiss filed by Defendants Pfc. Robert C. Legates ("Legates"), Pfc. Wheatley ("Wheatley"), John Doe ("Doe")[1], Millsboro Police Department ("Millsboro Police Department"), and the Town of Millsboro ("Town of Millsboro") with supporting memoranda, Plaintiff's Opposition, and Defendants' replies. (D.I. 18, 21, 22, 27, 28, 29, 38.) For the reasons set forth below, the Court will deny the Motions To Dismiss. (D.I. 18, 27, 38.)

I. BACKGROUND

    Plaintiff alleges that on January 3, 2004, he was arrested in Sussex County, Delaware, and taken to the Millsboro Police Station by Legates. At the station Plaintiff was asked to take a blood alcohol test and he refused. Plaintiff alleges that the arresting office advised him that he would be taken to the hospital for the blood test. Plaintiff alleges that he again refused and asked to speak to an attorney. He next alleges that he was taken to the Beebe Hospital, and upon arrival he again refused to take a blood test, and again asked for an attorney. Plaintiff alleges that he was then dragged out of the police

---

[1] On February 9, 2006, the Court dismissed the claims against John Doe. Hence, as to John Doe, the Motion To Dismiss is moot. On the same date the Court also dismissed as Defendants Governor Ruth Ann Minner and the State of Delaware. See D.I. 6.

cruiser, sustained injuries and was carried into the hospital. Once in the hospital Plaintiff alleges that he was held down and that blood was forcefully and involuntarily taken by the Millsboro Police. Plaintiff alleges that while at the Beebe Hospital, Legates and Wheatley physically assaulted him and took evidence against his will.

    Plaintiff amended his complaint twice and added as Defendants the Town of Millsboro and the Millsboro Police Department. (D.I. 25, 26.) The amendments allege that Wheatley and Legates used unreasonable and excessive force to obtain evidence. They also allege that the Town of Millsboro has a policy that directs the Millsboro Police Department to use unreasonable and excessive force to obtain evidence.

    Defendants move for dismissal pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the Complaint fails to state a claim upon which relief may be granted. More particularly, they argue that police officers are entitled to use reasonable force in taking a blood sample from a suspected drunk driver without a warrant; Plaintiff does not allege that the force used was unreasonable or excessive; and the police officers were entitled to use force because Plaintiff does not allege that he was informed of the penalty of license revocation.

Plaintiff objects to the Motions arguing that in a misdemeanor case, an individual has a statutory right to refuse the blood alcohol test and that upon refusal the police could not administer the test.  Plaintiff also argues that a refusal to take a blood alcohol test does not give the police the right to engage in excessive force by dragging him and assaulting him.

## II. DISCUSSION

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff.  Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004).  However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions."  Id.  A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46

(1957)). Because Plaintiff proceeds pro se, the Court liberally construes the Complaint. Haines v. Kerner, 404 U.S. 519, 520 1972).

Under Delaware law, a person suspected of driving under the influence has no right to refuse chemical testing unless a police officer informs him that he may lose his license for a year if he withholds consent. McCann v. Delaware, 588 A.2d 1100, 1101 (Del. 1991) (citing Del. Code Ann. tit. 21, § 2742(a)); see also Del. Code Ann. tit. 21, § 2740 (police may administer test if they have probable cause to suspect a person is intoxicated within the meaning of the statutes). The effect of the foregoing law is that an officer has the ability to require a suspect to submit to testing, without that person's consent or a reading of the implied consent law, so long as the officer has probable cause and the degree of force used is not excessive under the Fourth Amendment. Seth v. Delaware, 592 A.2d 436, 444 (Del. 1991) (citations omitted).

Plaintiff's Complaint and the amendments contain the following specific allegations: the involuntary taking of evidence, physical assault, the use of unreasonable and excessive force to obtain evidence, and a policy or lack of proper police training that directs Millsboro police officer to use unreasonable and excessive force to obtain evidence. Defendants'

-4-

Motions To Dismiss (D.I. 18, 27, 38) seek dismissal on the basis that the original Complaint (D.I. 2) did not allege that the force used was unreasonable or excessive. Defendants also argue that the Complaint does not alleges that Plaintiff was informed of the penalty of license revocation for refusal. Finally, Defendants argue that even after the Complaint was amended to reflect unreasonable use of force, the gist of the Complaint continues to be one based upon the allegations that force was used to draw blood against Plaintiff's will.

The Court agrees that the original Complaint contains no allegations that Plaintiff was informed of the penalty of revocation for refusal. Plaintiff, however, amended the Complaint to allege that Wheatley and Legates used unreasonable and excessive force to obtain evidence, and the actions were taken because of the policy of the Town of Millsboro and its Police Department. (D.I. 25.) In Defendants' Motions To Dismiss they did not mention that although an officer has the ability to require a suspect to submit to testing, without that person's consent or a reading of the implied consent law, this may occur so long as the officer has probable cause and ***the degree of force used is not excessive under the Fourth Amendment***. Seth v. Delaware, 592 A.2d 436, 444 (Del. 1991) (Court's emphasis). The allegation are that unreasonable and excessive force was used to

obtain the evidence (i.e., blood). Also not mentioned by Defendants is an additional excessive force claim wherein Plaintiff alleges that he was dragged from the police cruiser by Legates and Wheatley and assaulted.

The key to the survival of Plaintiff's claims are his allegations of assault and the use of unreasonable and excessive force to obtain evidence. Even though the Complaint does not allege actual consent or a reading of the implied consent law, Plaintiff states a claim because he alleges that in obtaining the evidence the degree of force used by Defendants was excessive and unreasonable. Accordingly, the Court concludes that the allegations in the Complaint and its amendments are sufficient to withstand the Motions To Dismiss.

### III. CONCLUSION

The Court will deny the Motions To Dismiss. (D.I. 18, 27, 38.) An appropriate Order will be entered.