4-09-07

CLERK OF THE COURTS                             06-018-JJF
UNITED STATES DISTRICT
844 N.KING STREET
WILMINGTON, DELAWARE

### DISCOVERY

        ALL DISCOVERY HAS BEEN ENTERED BY PLAINTIFF . THIS IS FUTHER DISCOVERY THAT I DO BELIEVE THE COURTS AND DEFENSE HAVE.
        MY DEFENSE STILL STANDS THAT DELAWARE LAW DOES NOT DIRECTLY STIPULATE THAT FORCE CAN BE USED TO TAKE EVIDENCE IN A DWI CASE .THAT EXCESSIVE FORCE WAS USED ON JANUARY 3,2004 BY THE MILLSBORO POLICE DEPARTMENT RESULTING IN INJURY TO MYSELF.

        RESPECTFULLY
        X *[signature]*
        H.LEIGHTON LASKEY
        527 BALTIC AVE
        BROOKLYN,MD.21225

CC.BRUCE C.HERRON
SENT VIA U.S. MAIL 4-09-07

FILED
APR 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned



Delaware Code
21 Del. Code Section 4177

**Type of DUID Law:** Under the influence

21 Section 4177
(a) No person shall drive a vehicle … (2) When the person is under the influence of any drug
(a)(5) "While under the influence" shall mean that the person is, because of…drugs…, less able than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle.

**Type of Drugs Prohibited:** Any drug, which "shall include any substance or preparation defined as such by Title 11 or Title 16 or which has been placed in the schedules of controlled substance pursuant to Chapter 47 of Title 16. "Drug" shall also include any substance or preparation having the property of releasing vapors or fumes which may be used for the purpose of producing a condition of intoxication, inebriation, exhilaration, stupefaction or lethargy or for the purpose of dulling the brain or nervous system. 21 Section 4177 (c)(7)

**Proof Required:**
1. The Defendant was driving a vehicle in Delaware
2. While driving, the defendant was under the influence of a drug
3. Because of the drug, the defendant was less able than ordinary, either mentally or physically, to exercise clear judgment, sufficient physical control or due care in driving.

**Possible Defenses Allowed by Statute:**
The fact that any person charged with violating this section is, or has been, legally entitled to use…a drug shall not constitute a defense. .

**Implied Consent for Drugs:** Yes
<u>Special Circumstances</u>: A person must submit to a chemical test in cases where there is probable cause to believe that the person committed a DUI offense that was related to an accident where there was a death. 21 Section 2740

LexisNexis(TM) CD                                                              1/12/2004 at 8:15:24 AM
Document 1 of 1

Source:
Delaware Code/TITLE 21 Motor Vehicles/PART II Registration, Title and Licenses/CHAPTER 27. DRIVER'S
LICENSE/Subchapter III. Suspension and Revocation of License for Refusal to Submit to Chemical Test/ § 2742.
Revocation; notice; hearing.

**§ 2742. Revocation; notice; hearing.**

(a) If a person refuses to permit chemical testing, after being informed of the penalty of revocation for such refusal, the test shall not be given but the police officer shall report the refusal to the Department. The police officer may, however, take reasonable steps to conduct such chemical testing even without the consent of the person if the officer seeks to conduct such test or tests without informing the person of the penalty of revocation for such refusal and thereby invoking the implied consent law.

(b) (1) Upon certification by the police officer that there existed probable cause to believe that the person had been acting in violation of § 4177 of this title or a local ordinance substantially conforming thereto and that the person refused to submit to a chemical test after being informed of the penalty of revocation for such refusal, the Secretary shall revoke the person's driver's license and/or driving privilege for a period of 1 year for a person with no previous violation of § 4177 of this title or this section or a similar statute of any state or the District of Columbia or local government, within 5 years of the date of the charge in question; 18 months' revocation for a person with 1 previous violation of such statutes as described above; and 24 months' revocation for a person with 2 or more previous violations of such statutes as described above.

(2) Upon certification by the police officer that there existed probable cause to believe that the person had been acting in violation of § 4177L of this title or a local ordinance substantially conforming thereto and that the person refused to submit to a chemical test after being informed of the penalty of revocation for such refusal, the Secretary shall revoke the person's driver's license and/or driving privilege for a period of 2 months for a person with no previous violation of § 4177L of this title or this section or a similar statute of any state or the District of Columbia or local government; 6 months for a person with a previous violation of such statutes as described above; and 12 months revocation for a person with 2 or more previous violations of such statutes as described above.

(c) Except in those cases wherein the police officer acts pursuant to subsection (b) of this section:

(1) Upon certification by the police officer that there existed probable cause to believe that the person was in violation of § 4177 of this title or a local ordinance substantially conforming thereto and the person was arrested on that occasion for a violation of § 4177 of this title or a local ordinance substantially conforming thereto or for violation of a criminal statute dealing with injury or death caused to another person by the person's driving or operation of the vehicle, if driving under the influence is included as an element of such charge, the Secretary shall revoke the person's driver's license and/or driving privilege for a period of 3 months for a first time DUI offender, 1 year for a second DUI offender, or 18 months for more than 2 DUI offenses. For purposes of this subsection, a DUI offender shall include anyone who has previously committed a first offense as defined in § 4177B(e) or lost their license pursuant to this section and any person convicted of a violation of § 4177 of this title or similar statutes of any state or the District of Columbia or local government within 5 years of the date of the charge in question, a revocation within 5 years of said date for an implied consent violation or a revocation within 5 years of said date under this subsection.

(2) Upon certification by the police officer that there existed probable cause to believe that the person was in violation of § 4177L of this title or a local ordinance substantially conforming thereto, and the person was arrested on that occasion for a violation of § 4177L of this title or a local ordinance substantially conforming thereto, the Secretary shall revoke the person's driver's license and/or driving privileges for a period of 2 months for the first offense under said section or from 6 to 12 months for each subsequent offense pursuant to said section.

(d) No revocation under subsection (b) or (c) of this section is effective until the Secretary or a police officer or other person acting on the Secretary's behalf notifies the person of revocation and allows the person a 15-day period to request of the Secretary in writing a hearing as herein provided. If no request is filed in writing with the Division of Motor Vehicles within the 15-day period, the order of revocation becomes effective. If a request for a hearing is filed, a revocation is not effective until the final decision of the hearing officer resulting in a decision adverse to the person. Notwithstanding the foregoing provisions of this section, if no request is filed within the 15-day period, but the person has entered the FOE-IID Diversion pursuant to § 4177B(g) of this title, no revocation herein imposed shall be inconsistent with any revocation imposed by participation in the FOE-IID Diversion.

(e) On behalf of the Secretary, the police officer offering a chemical test or directing the administration of a chemical test shall serve immediate notice of revocation on a person who refuses to permit chemical testing after being informed of the penalty of revocation for such refusal, or on a person who is arrested on that occasion, either for a violation of § 4177 or § 4177L of this title or a local ordinance substantially conforming thereto or for violation of a criminal statute dealing with injury or death caused to another person by the person's driving or operation of the vehicle, if driving under the influence is included as an element of such charge. The officer shall take the Delaware license or permit of the driver in any such case and issue a temporary license effective only for 15 days with a provision for an additional period if a written request for a hearing is received by the Division of Motor Vehicles within the 15-day period. The police officer shall send the person's driver's license or permit to the Secretary along with the certificate required by subsection (b) or (c) of this section.

(f) The hearing under this section shall be before the Secretary or the Secretary's designee. The scope of the hearing shall cover the issues of:

(1) With respect to subsections (b) and (c) of this section, whether the police officer had probable cause to believe the person was in violation of § 4177 or § 4177L of this title or a local ordinance substantially conforming thereto.

(2) With respect to subsection (c)(1) of this section, whether by a preponderance of the evidence it appears that the person was in violation of § 4177

DELAWARE

STATE: **DELAWARE**
General Reference: Delaware Code Annotated

Basis for a DWI Charge:

    Standard DWI Offense: Under the influence of alcohol 21 §4177(a)(l)
    Illegal Per Se Law (BAC/BrAC): $\geq$**.08**[206 and 207] 21 §4177(a)(4)
    Presumption (BAC): **None**
    Types of Drugs/Drugs and Alcohol: Under the influence of (1) any Drug or (2) a Combination of Alcohol and a Drug[208] 21 §4177(a)(2) and (3)
    **Persons Under 21 Years Old**-Vehicle Operation While or After Consuming Alcoholic Liquor[209] 21 §4177L(a)

Chemical Breath Tests for Alcohol Concentration:

    Preliminary Breath Test Law: Yes[210] 21 §2741
    Implied Consent Law:
    Arrest Required (Yes/No): No. Probable cause is sufficient 21 §§2740 and 2742(e)
    Implied Consent Law Applies to Drugs (Yes/No): Yes 21 §2740
    Refusal to Submit to Chemical Test Admitted into Evidence: Yes (Criminal and Civil Cases) 21 §2749
    Other Information: A person may be required to submit to a chemical test if there is probable cause of a DWI offense. However, if a person is informed of their statutory right to refuse to submit to a test and he/she exercises this right, a test cannot be administered by involuntary means. 21 §§2740, 2741(b) and 2742(a), *McCann v. State*, 588 A.2d 1100 (Del. 1991), and *Seth v. State*, 592 A.2d 436 (Del. 1991)
A person must submit to a chemical test if there is probable cause to believe that person committed a DWI offense related to an accident in which there was a death. 21 §2740 {In death-related DWI situations, it appears that a driver cannot refuse to submit to a test. Therefore, "forced" taking of blood samples for testing purposes may now be possible under these circumstances.}

---

[206] This State's illegal per se law also makes it an offense to operate a motor vehicle with a breath alcohol concentration of .08 or more.
[207] Standard: Grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath. 21 §§4177(c)(1) and 4177L(b)
[208] The term "drug" includes (1) those drugs defined in Titles 11 and 16 (e.g., see schedule of controlled substances in Ch. 47 of Title 16) and (2) any substance or preparation which releases intoxicating vapors or fumes. 21 §4177(c)(7)
[209] An alcohol concentration $\geq$.02 is "per se evidence" of having consumed alcoholic liquor. 21 §4177L(b)
[210] The law appears to only indirectly authorize PBT use.

**DWI Bicycle.** Separate provisions of law make it illegal to ride a bicycle while under the influence of either an intoxicating liquor or narcotic drugs. The sanctions for this offense are as follows: first offense – a fine of $150 to $1,150; subsequent offense (within 2 years of a prior offense) – an imprisonment term of 10 to 30 days and/or a fine of $400 to $1,500. {A violation of this law is not entered on an offender's driver licensing record. 21 §4198K}.

89

BALTIMORE MD 212
09 APR 2007 PM 1 T

CLERK of the Courts
UNITED STATES DISTRICT
844 N. King Street
Lock Box 18

Wilmington, Delaware 19801

H. Laskey
527 Baltimore Ave
Brooklyn, MD 21225

