IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-018-JJF |
| | ) | |
| PFC. ROBERT C. LEGATES, | ) | |
| PFC. WHEATLEY and JOHN DOE, | ) | |
| Supervisor on duty at | ) | |
| Millsboro Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER BRIEF IN OPPOSITION TO PLAINTIFF'S
"MOTION JUDGMENT FOR PLAINTIFF"**

AKIN & HERRON, P.A.
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, Delaware  19806
(302) 427-6987
Attorney for Defendants

Dated: April 18, 2007

## Table of Contents

TABLE OF CITATIONS ........................................ 3

NATURE AND STAGE OF PROCEEDINGS ........................... 4-5

STATEMENT OF FACTS ........................................ 6

ARGUMENT .................................................. 7-8

    1.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HE HAS NOT IDENTIFIED EVIDENCE WHICH DEMONSTRATES THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT.

CONCLUSION ................................................ 9

## Table of Citations

**CASES**

National Fire and Marine Ins. Co. v. Robin James Const., Inc...7
___ F. Supp. 2d 2007 ___, WL881417, D. Del., March 22, 2007

Celotex Corp. v. Catrett,....................................7
477 U.S. 317 (1986)


**STATUTES**


Fed. R. Civ. P. 56 (c)................................... 5, 7

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff H. Leighton Laskey filed the initial Complaint in this action on December 27, 2005 (D.I. 1). Plaintiff named as defendants PFC Robert C. Legates, PFC Wheatley, Supervisor on Duty January 3, 2004 Time of Alleged Incident known only as "John Doe", Governor Ruth Ann Minner and the State of Delaware. The Complaint alleges that during the course of an arrest on January 3, 2004 Officer Legates and Officer Wheatley used force to require that plaintiff take a blood test against his will. This Court dismissed plaintiff's claims against Supervisor Doe, Governor Minner and the State of Delaware on February 9, 2006. (D.I. 6).

PFC Legates and PFC Wheatley moved to dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted on June 21, 2006. (D.I. 18). On July 13, 2006 the Court granted Plaintiff's Motion to Amend the Complaint. (D.I. 24). Plaintiff subsequently amended the Complaint to add the Town of Millsboro as a defendant and allege that Officers Wheatley and Legates had used unreasonable and excessive force. (D.I. 25).

On February 20, 2007 the Court denied defendants' Motions to Dismiss for Failure to State a Claim, noting that plaintiff's amendments to the Complaint allege that defendants used unreasonable and excessive force to obtain evidence. (Memorandum Opinion, D.I. 39). The Court thereafter issued an Order

(D.I. 41) setting a discovery deadline of June 30, 2007 and requiring that case dispositive motions be filed on or before July 20, 2007.

Defendants filed an Answer and Affirmative Defenses (D.I. 42) on March 13, 2007 in which they denied that Officer Wheatley and Officer Legates used unreasonable or excessive force and asserted that plaintiff had violently resisted the officers' lawful commands and assaulted Officer Wheatley and a Beebe Hospital Nurse. Defendants also allege that plaintiff's refusal of consent to a blood draw gave them legal authority to use reasonable force. (D.I. 42) Plaintiff filed a "Motion Judgment for Plaintiff" on April 9, 2007 (D.I. 44) and Opening Brief in Support Thereof.[1]

This is Defendants' Answer Brief in Opposition to Plaintiff's "Motion Judgment for Plaintiff."

---

[1] Because plaintiff's Motion seeks an entry of judgment in his favor, defendants regard it as a Motion for Summary Judgment filed pursuant to F.R.C.P. 56.

## STATEMENT OF FACTS

Plaintiff's Motion makes the following unsupported assertions: (1) Officers Legates and Wheatley used excessive force to obtain evidence from plaintiff; (2) Contradicting statements show contempt for the law by Officer Legates and (3) "Insubordination of duty was due to common police policy or lack of proper police training." Plaintiff cites no evidence which he believes demonstrates the absence of a general issue of material fact.

## ARGUMENT

1. **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HE HAS NOT IDENTIFIED EVIDENCE WHICH DEMONSTRATES THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT.**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a Court determines from its examination of "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any" that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). "A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying <u>the</u> <u>evidence</u> which it believes demonstrates the absence of a genuine issue of material fact." <u>National Fire and Marine Ins. Co. v. Robin James Const., Inc.</u>, ___ F. Supp. 2d 2007 ___, 2007 WL881417, D. Del., March 22, 2007 (attached hereto as Exhibit 1), citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (emphasis added).

Plaintiff has not met this initial responsibility. He points to no evidence to support his claims that Officers Legates and Wheately used excessive force and that such actions were "due to common police policy or lack of proper police training." These allegations have been denied by defendants in their Answer. (D.I. 42). Plaintiff cites no "depositions, answers to

interrogatories, admissions on file...[or] affidavits" which demonstrate that he is entitled to judgment as a matter of law.

Plaintiff's Opening Brief refers to police reports prepared by defendant Officer Legates and Officer Downs of the Lewes Police Department. Such reports are not admissible at trial, <u>United States v. Ortiz</u>, 125 F. 3d 630, 632 (8th Cir. 1997), and therefore cannot be considered as evidence which demonstrates the absence of a genuine issue of material fact. In any event the reports do not support plaintiff's contention that Officers Legates and Wheatley used excessive force.

Plaintiff's statement that force to obtain evidence "under Delaware Law may only be used in accident or injury in a DWI case" is incorrect. A police officer in a DUI case has the ability to require a suspect to submit to testing without that person's consent as long as the officer has probable cause and the degree of force used is not excessive. <u>Seth v. Delaware</u>, 592 A. 2d 436, 444 (Del. 1991).

## CONCLUSION

For the foregoing reasons, defendants respectfully request that plaintiff's "Motion Judgment for Plaintiff" be denied.

**AKIN & HERRON, P.A.**

/s/ Bruce C. Herron
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, Delaware  19806
(302) 427-6987
Attorney for Defendants

Dated: April 18, 2007

H:\tmw5\data\files\Docs\3651.044\BRIE\7372.WPD

QUICK PRINT    PRINT    EMAIL    DOWNLOAD    OTHER

**National Fire & Marine Ins. Co. v. Robin James Const., ···**
--- F.Supp.2d ----, 2007 WL 881417
D.Del.,2007.
March 22, 2007 (Approx. 2 pages)

--- F.Supp.2d ----, 2007 WL 881417 (D.Del.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court,
D. Delaware.
NATIONAL FIRE & MARINE INSURANCE COMPANY, Plaintiff,
v.
ROBIN JAMES CONSTRUCTION, INC., Defendant.
Civil Action No. 06-97-JJF.
March 22, 2007.

**Background:** Insurer sued insured, alleging breach of contract claims and requesting an award of compensatory damages. Insurer filed a motion for summary judgment and a renewed motion for discovery sanctions.

**Holdings:** The District Court, Farnan, J., held that:
(1) insured breached the policy by failing to pay additional premiums determined by an audit at the conclusion of the coverage period, and
(2) an award of expenses and attorney's fees to plaintiff as a discovery sanction was appropriate.

Motions granted.

[1] KeyCite Notes 

🗝️217 Insurance
    🗝️217XIV Premiums
        🗝️217XIV(D) Amounts Payable
            🗝️217k2006 Adjustment
                🗝️217k2009 k. Retrospective Premiums. Most Cited Cases

Under Delaware law, insured breached the terms of a general liability insurance policy by failing to pay additional premiums determined by an audit at the conclusion of the coverage period.

[2] KeyCite Notes

🗝️170A Federal Civil Procedure
    🗝️170AX Depositions and Discovery
        🗝️170AX(A) In General
            🗝️170Ak1278 k. Failure to Respond; Sanctions. Most Cited Cases

Award of expenses and attorney's fees to insurer in the amount of $4,613 as a discovery sanction was appropriate in an action for breach of a general liability policy; the insured failed to participate in the discovery process in violation of several orders of the court and offered nothing to justify this failure, and the insurer's request for expenses and attorney's fees was reasonable in light of the repeated attempts of the insurer's counsel to obtain discovery from insured's counsel prior to and in addition to seeking the court's intervention. Fed.Rules Civ.Proc.Rule 37(b)(2), 28 U.S.C.A.

Kristi J. Doughty, Esquire of Whittington & Aulgur, Odessa, DE, Lisa F. Joslin, Esquire of Deily, Mooney and Glastetter, LLP, Albany, NY, for Plaintiff.
Eric C. Howard, Esquire of Wilson, Halbrook & Bayard, Georgetown, DE, for Defendant.

***MEMORANDUM OPINION***

FARNAN, District Judge.

*\*1* Pending before the Court is Plaintiff's Motion For Summary Judgment (D.I. 16) and Plaintiff's Renewed Motion For Sanctions (D.I. 25). For the reasons discussed, the Motions will be granted.

## I. BACKGROUND

On February 13, 2006, Plaintiff filed its Complaint alleging breach of contract claims and requesting an award of compensatory damages in the amount of $230,659.74. Plaintiff alleges that Defendant failed and refused to pay outstanding insurance premiums under three separate commercial general liability insurance policies.

On November 17, 2006, Plaintiff filed a Motion To Compel Disclosure And Production Of Documents, And For Sanctions (D.I. 14) requesting an order compelling Defendant to serve its initial disclosures and respond to the Plaintiff's First Request for Production of Documents. Defendant did not file a response to the Motion To Compel. On January 4, 2007, the Court granted Plaintiff's Motion but denied the request for sanctions and ordered the Defendant to file its initial disclosures (D.I. 22). Plaintiff alleges that Defendant did not comply with the Court's Order.

On December 1, 2006, Plaintiff filed a Motion For Summary Judgment (D.I. 16). By its Motion, Plaintiff contends that the Court should grant summary adjudication on its breach of contract claims because Defendant cannot offer any evidence that would establish a genuine issue of material fact for trial. On January 11, 2007, the Court ordered Defendant to file an answering brief to Plaintiff's Motion by January 19, 2007 (D.I. 23). Defendant did not comply with the Court's Order *and,* to date, Defendant has not filed a response to Plaintiff's Motion For Summary Judgment.

On February 6, 2007, Plaintiff filed a Renewed Motion For Sanctions (D.I. 25) requesting an award of reasonable expenses and attorney's fees incurred in connection with Plaintiff's efforts to obtain discovery in the amount of $4,613.00.

## II. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of his case for which he bears the burden of proof, the moving party is entitled to judgment as a matter of law. Id. at 322, 106 S.Ct. 2548. Moreover, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. DISCUSSION

A. *Motion For Summary Judgment*

**\*2** [1]    In order to establish a claim for breach of contract under Delaware law, the plaintiff must establish: "first, the existence of a contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del.2003); *HSMY, Inc. v. Getty Petroleum Mktg.,* 417 F.Supp.2d 617, 620 (D.Del.2006). According to Plaintiff's Complaint, sometime in 2002, Defendant contracted with the Plaintiff for a general liability insurance policy. Defendant agreed to pay an advance premium amount as well as any additional premiums determined by an audit at the conclusion of the coverage period. In exchange, Plaintiff agreed to provide Defendant with valid insurance coverage. Plaintiff alleges that Defendant failed to pay the additional premiums due after an audit was conducted. In or around 2003 and 2004, Plaintiff alleges that Defendant renewed its insurance policy with the Plaintiff, again agreeing to pay any additional premiums indicated by an audit to be conducted at the conclusion of the coverage period. Although Plaintiff provided insurance coverage, Defendant did not pay the additional premiums due. Plaintiff further alleges that, upon the cancellation of Defendant's insurance policy, effective November 30, 2004, Defendant failed to pay premiums due after a final audit was conducted.

The Court concludes that summary judgment is warranted because Plaintiff has set forth evidence indicating that there is a lack of genuine issue of material fact for trial. Defendant has not set forth any facts showing there is a genuine issue for trial because it has not responded to the summary judgment motion. The Defendant bears the burden to adduce "more than a mere scintilla of evidence in its favor," and here, the Defendant has not done so. Thus, the Court must accept the facts as alleged by Plaintiff and conclude that Defendant breached its contract with Plaintiff. Accordingly, the Court will grant Plaintiff's Motion For Summary Judgment (D.I. 16).

B. *Renewed Motion For Sanctions*

[2]    Under Fed.R.Civ.P. 37(b)(2), the court may impose sanctions on a party which fails to obey a court's order to provide discovery. Sanctions include requiring the party to pay the reasonable expenses, including attorney's fees, caused by the failure to comply with the order. The Court finds that Defendant has failed to participate in the discovery process in violation of several Orders of the Court, including the Rule 16 Scheduling Order (D.I. 8), the Order granting Plaintiff's Motion To Compel (D.I. 22), and the Order that Defendant file an answer brief in response to Plaintiff's Motion For Summary Judgment (D.I. 23). The Court further finds that, despite ample opportunity, Defendant has offered nothing to justify the failure to participate in the discovery process or otherwise explain any circumstances that would make an award of reasonable expenses unjust. Additionally, the Court finds that Plaintiff's request for expenses and attorney's fees is reasonable in light of the repeated attempts of Plaintiff's counsel to obtain discovery from Defendant's counsel prior to and in addition to seeking the Court's intervention. (D.I. 25, Affidavit of Lisa F. Joslin). Thus, the Court concludes that, under the circumstances, the imposition of sanctions is appropriate and Plaintiff's request for expenses and attorney's fees in the amount of $4,613.00 is reasonable. Accordingly, the Court will grant Plaintiff's Motion For Sanctions (D.I. 25).

## IV. CONCLUSION

**\*3** For the reasons discussed, Plaintiff's Motion For Summary Judgment (D.I. 16) and Renewed Motion For Sanctions (D.I. 25) will be granted.

An appropriate Order will be entered.

### ORDER

At Wilmington, the 22 day of March 2007, for the reasons set forth in the Memorandum Opinion issued this date; IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Summary Judgment (D.I. 16) is **GRANTED.** A damages hearing will be held at **11:00 a.m. on Monday, the 2nd day of April, 2007.**

2. Plaintiff's Renewed Motion For Sanctions (D.I. 25) is **GRANTED.** Plaintiff is awarded expenses and attorney's fees in the amount of $4,613,00.

IT IS FURTHER ORDERED that a final judgment order will be entered upon the award of damages.

D.Del.,2007.
**National Fire & Marine Ins. Co. v. Robin James Const., Inc.**
--- F.Supp.2d ----, 2007 WL 881417 (D.Del.)

Motions, Pleadings and Filings (Back to top)

• 2006 WL 1200031 (Trial Pleading) Defendant Hereby Demands Trial by Jury. (Mar. 9, 2006) Original Image of this Document (PDF)
• 2006 WL 819721 (Trial Pleading) Complaint (Feb. 13, 2006) Original Image of this Document (PDF)
• 1:06cv00097 (Docket) (Feb. 13, 2006)
• 2005 WL 5164752 (Trial Pleading) Complaint (Dec. 2005) Original Image of this Document (PDF)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LEIGHTON LASKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-018-JJF |
| ) | |
| PFC. ROBERT C. LEGATES, ) | |
| PFC. WHEATLEY and JOHN DOE, ) | |
| Supervisor on duty at ) | |
| Millsboro Police Department, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SERVICE

I **HEREBY CERTIFY** that on this 18th day of April, 2007, a copy of **DEFENDANTS' ANSWER BRIEF IN OPPOSITION TO PLAINTIFF'S "MOTION JUDGMENT FOR PLAINTIFF"** was electronically filed with the Clerk of the Court using CM/ECF and was sent first class mail to the following party:

H. Leighton Laskey
T1833286
527 Baltic Avenue
Brooklyn, MD 21225

                          **AKIN & HERRON, P.A.**

                          /s/ Bruce C. Herron
                          Bruce C. Herron
                          Attorney I.D. No.: 2315
                          1500 Shallcross Avenue, Suite 1-A
                          Wilmington, Delaware  19806
                          (302) 427-6987
                          Attorney for Defendants

H:\tmw5\data\files\Docs\3651.044\NOS\7411.WPD