IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-018-JJF |
| | ) | |
| PFC. ROBERT C. LEGATES, | ) | |
| PFC. WHEATLEY, MILLSBORO | ) | |
| POLICE DEPARTMENT AND TOWN | ) | |
| OF MILLSBORO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**AKIN & HERRON, P.A.**
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, Delaware  19806
(302) 427-6987
Attorney for Defendants

Dated: July 19, 2007

## Table of Contents

TABLE OF CITATIONS ........................................ 3

NATURE AND STAGE OF PROCEEDING ........................... 4

SUMMARY OF ARGUMENT ...................................... 6

STATEMENT OF FACTS ....................................... 7

ARGUMENT ............................................... 12

      1.    SUMMARY JUDGMENT STANDARD

      II.   DEFENDANTS LEGATES AND WHEATLEY ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THEY DID NOT USE EXCESSIVE FORCE TO OBTAIN PLAINTIFF'S BLOOD SAMPLE DURING THE COURSE OF HIS DUI ARREST

      III. ALTERNATIVELY, THE DOCTRINE OF QUALIFIED IMMUNITY PROTECTS OFFICER LEGATES AND OFFICER WHEATLEY FROM LIABILITY BECAUSE REASONABLE OFFICERS IN DEFENDANTS' POSITION WOULD NOT HAVE KNOWN THAT THEIR CONDUCT VIOLATED A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT

      IV.  DEFENDANTS TOWN OF MILLSBORO AND MILLSBORO POLICE DEPARTMENT ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO EVIDENCE OF A MUNICIPAL CUSTOM OR POLICY WHICH CAUSED PLAINTIFF'S ALLEGED INJURY

CONCLUSION ............................................. 22

## Table of Citations

**CASES:**

Anderson v. Creighton, .................................. 19
483 U.S. 635 (1987)

Anderson v. Liberty Lobby, Inc., ........................ 14
477 U.S. 242 (1986)

Beck v. City of Pittsburgh, ............................. 21
89 F.3d 966 (3d. Cir. 1996)

Celotex Corp v. Catrett,................................. 13
477 U.S. 317 (1986)

Graham v. Connor, ....................................... 15
490 U.S. 386 (1989)

Grant v. City of Pittsburgh ............................. 19
98 F.3d 116 (3d Cir. 1996)

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., ........ 13
475 U.S. 574 (1986)

McCann v. State of Delaware, ............................ 16,18
588 A.2d 1100 (Del. Supr. 1991)

Monell v. Department of Social Services,.................. 21
436 U.S. 658 (1978)

Neeley v. Samis,......................................... 13
183 F.Supp 2d 672 (D. Del. 2002)

Priester v. Rivera Beach ................................ 20
208 F.3d 919 (11th Cir. 2000)

Saucier v. Katz, ........................................ 19, 20
533 U.S. 194 (2001)

Schmerber v. California, ................................ 16
384 U.S. 757 (1966)

Turner v. Schering-Plough Corp. ......................... 13
901 F.2d 335 (3d Cir. 1990)

Young v. Quinlan, 960 F.2d 351 .......................... 13
(3d Cir. 1992)

**STATUTES**:

28 U.S.C § 1918 ........................................ 5

21 Del. C. 2742 (a) .................................... 15, 16

**FEDERAL STATUTES**:

F.R.C.P. 56(c) ........................................ 13

## NATURE AND STAGE OF PROCEEDING

Plaintiff H. Leighton Laskey filed the initial Complaint in this action on December 24, 2005 (D.I. 2). Plaintiff named as defendants PFC Robert Legates and PFC Wheatley of the Millsboro Police Department, "Supervisor on Duty John Doe at time of alleged incident", Gov. Ruth Ann Minner and the State of Delaware. The Complaint (with subsequent amendments) alleged that Officers Legates and Wheatley used unnecessary force during the course of a DUI arrest of plaintiff on January 3, 2004.

Pursuant to 28 U.S.C § 1918, the Court dismissed the claims against Gov. Minner, the State of Delaware and the unnamed Supervisor on Duty as having no basis in law or fact. (D.I. 6). Defendants Legates and Wheatley moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief could be granted on June 21, 2006. (D.I. 18).

Plaintiff filed an Amended Complaint on July 31, 2006 adding the Town of Millsboro and the Millsboro Police Department as defendants. (D.I. 25) The Amended Complaint alleged that the Millsboro Police Department "directs police to violate civil law and use unreasonable and excessive force to obtain evidence."

5

The Court denied Defendants' Motions to Dismiss Plaintiff's Amended Complaint on February 20, 2007, (D.I. 40), noting that Plaintiff's Complaint and amendments sufficiently allege the use of excessive force and a policy directing Millsboro Officers to use unnecessary force.

Defendants filed an Answer and Affirmative Defenses on March 13, 2007 (D.I. 42). Plaintiff moved for "Judgment" on April 9, 2007 (D.I. 44). Plaintiff withdrew his Motion for Summary Judgment on July 10, 2007. (D.I. 54).

Defendants moved for summary judgment on July 19, 2007. This is Defendants' Opening Brief in Support of Their Motion for Summary Judgment.

## SUMMARY OF ARGUMENT

1.   SUMMARY JUDGMENT STANDARD

II.   DEFENDANTS LEGATES AND WHEATLEY ARE ENTITLED
TO SUMMARY JUDGMENT BECAUSE THEY DID NOT USE
EXCESSIVE FORCE TO OBTAIN PLAINTIFF'S BLOOD
SAMPLE DURING THE COURSE OF HIS DUI ARREST

III.   ALTERNATIVELY, THE DOCTRINE OF QUALIFIED
IMMUNITY PROTECTS OFFICER LEGATES AND OFFICER
WHEATLEY FROM LIABILITY BECAUSE REASONABLE
OFFICERS IN DEFENDANTS' POSITION WOULD NOT
HAVE KNOWN THAT THEIR CONDUCT VIOLATED A
CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT

IV.   DEFENDANTS TOWN OF MILLSBORO AND MILLSBORO POLICE
DEPARTMENT ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE
THERE IS NO EVIDENCE OF A MUNICIPAL CUSTOM OR POLICY
WHICH CAUSED PLAINTIFF'S ALLEGED INJURY

## STATEMENT OF FACTS

Millsboro Police Officer Robert Legates was on duty in a police vehicle during the early morning hours of January 3, 2004. (Affidavit of Officer Robert C. Legates, A-1) [1] At approximately 12:40 a.m. he observed a black Chevy Camaro traveling in a northbound direction on U.S. Route 113. As the Camaro approached the intersection of Route 13 and SR 24, it veered from the right lane to the turn lane without using a signal. The vehicle's reverse lights came on as it was traveling forward. The vehicle then made a right turn at the intersection with no signal. Officer Legates activated his flashing lights and the Camaro pulled to the side of the road. (Legates Aff. A-2).

Officer Legates approached the vehicle and detected a strong odor of alcohol. The only occupant was the driver, plaintiff H. Leighton Laskey. (Legates Aff. A-2).

Legates stated that he was on his way to the Bay Bridge and that he "had a few beers". He failed several field sobriety tests. Officer Legates placed Laskey under arrest for suspicion of Driving Under the Influence of Alcohol and drove him to Delaware State Police Troop 4 in Georgetown, Delaware. (Legates Aff. A-2).

---

[1] References to the Appendix to the Defendants' Opening Brief in Support of their Motion for Summary Judgment will be to "A- ."

Officer Legates asked Laskey if he would submit to a breath test in order to measure his blood alcohol level. Laskey refused. Officer Legates informed Laskey that he would be transported to Beebe Hospital in Lewes so that a blood alcohol reading could be obtained through a blood draw. Officer Lowe did not inform Laskey of the penalty for refusal of consent to chemical testing. (Legates Aff. A-3).

During the ride to Beebe Hospital, Laskey stated: "You better get the big boys. There is no way you're getting blood from my arm." He also stated: "I have nothing to lose." Officer Legates then called Millsboro Police Office Barry Wheatley and requested that he respond to Beebe Hospital. (Legates Aff. A-3).

Officer Wheatley responded to Beebe Hospital and observed Officer Legates' police vehicle near the emergency room entrance. (Affidavit of Officer Barry Wheatley, A-6). Officer Wheatley opened the rear passenger door and saw plaintiff Laskey seated in the back seat with his hands cuffed behind his back. Officer Wheately asked Laskey to get out of the vehicle. Laskey complied. Officer Wheatley may have touched Laskey's arm to guide him. Officer Wheatley did not drag or carry Laskey out of the vehicle. There was no other physical contact between Officer Wheatley and Laskey at this point. (Wheatley Aff. A-7).

9

Officer Wheatley instructed Laskey to stand facing the police car's rear fender and lean over the trunk. As Officer Wheatley began to place leg shackles on Laskey's legs, he suddenly stood up straight. Two officers from the Lewes Police Department were present at the scene. Officer Wheatley asked them for assistance and continued his attempts to place the leg shackles on Laskey. (Wheatley Aff. A-7). Laskey then kicked Officer Wheatley in the stomach. The Lewes officers grabbed Laskey's arm and upper torso and placed him on the trunk of the car. (Legates Aff. A-3). It appeared that Laskey struck his nose on the trunk. (Legates Aff. A-3).

After Laskey kicked Officer Wheatley in the stomach, Officer Legates ran to the rear of the vehicle and assisted Officer Wheatley in controlling Laskey's legs. Once Laskey's legs were secured, Officer Wheatley and the two Lewes officers carried Laskey into the hospital and placed him on a bed. It appeared that Laskey was bleeding slightly from a cut on the right side of his nose. (Legates Aff. A-4; Wheatley Aff. A-8).

Laskey swore at hospital personnel. (Wheatley Aff. A-8). As Beebe hospital nurse Carey Rutherford began preparing a label for the blood sample, Laskey deliberately wiped blood from his nose onto Rutherford's arm. (Legates Aff. A-4). Officer Wheatley and the two Lewes officers then held Laskey's arms and legs down to prevent further assaults or offensive contact with

10

hospital personnel.  Laskey did not physically resist during the actual process as hospital personnel extracted blood from his arm.  (Legates Aff. A-4); (Wheatley Aff. A-8).

The only physical force used by Officer Wheatley was (1) in restraining and securing Laskey's legs with leg shackles in the parking lot outside the hospital and (2) holding Laskey's arms down inside the hospital after he wiped his blood on the arm of a hospital nurse.  Officer Laskey did not punch, kick, push or strike Laskey in any way.  (Wheatley Aff. A-8).

Following the blood draw Officer Legates asked Laskey if he wanted medical treatment for the cut on his nose.  Laksey told Officer Legates to "shut-up."  Following the blood draw, Laskey was transported without incident to the Millsboro Police Department for further processing.  Officer Legates again asked Laskey if he wanted treatment for his nose.  Laskey again declined.  (Legates Aff. A-4).

Officer Legates used physical force only when he grabbed Laskey's legs for the purpose of securing the leg shackles. Officer Legates did not punch, kick, push or strike Laskey in any way.  (Legates Aff. A-5).

Officer Legates charged Laskey with DUI, disorderly conduct, two counts of offensive touching and four traffic violations. The Delaware State Police Crime Lab Analysis of Laskey's blood sample revealed a blood alcohol concentration of .18.   (A-10). Laskey later pled guilty to Driving Under the Influence of Alcohol.   (Legates Aff. A-4).

## ARGUMENT

### I.    SUMMARY JUDGMENT STANDARD.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c); <u>Turner v. Schering-Plough Corp.</u>, 901 F.2d 335, 340 (3d Cir. 1990). The moving party bears the burden of proving there is no genuine issue for trial. <u>Young v. Quinlan</u>, 960 F.2d 351, 357 (3d Cir. 1992).

Once the moving party points out the absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof, <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 325 (1986), the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). "The mere existence of some evidence in support of the non-moving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the non-moving party on that issue." <u>Neeley v. Samis</u>, 183 F.Supp 2d 672, 678 (D. Del. 2002).

13

Not every alleged factual dispute will defeat an otherwise properly supported motion for summary judgment.  The dispute must relate to a genuine issue of material fact.  A dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

## II. DEFENDANTS LEGATES AND WHEATLEY ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THEY DID NOT USE EXCESSIVE FORCE TO OBTAIN PLAINTIFF'S BLOOD SAMPLE DURING THE COURSE OF HIS DUI ARREST

An objective reasonableness test is used to evaluate excessive force claims under the Fourth Amendment.  Graham v. Connor, 490 U.S. 386 (1989).  The objective reasonableness of the officers' actions is determined by the "facts and circumstances of [the] particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham, 490 U.S. at 396.  "[A] particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Id.

Moreover, the reasonableness determination must allow "for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain and rapidly evolving - about the amount of force that is necessary in a particular situation."  Id. at 396-397.  The Supreme Court has observed that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  Graham, 490 U.S. at 396.

15

Police officers are generally entitled to take blood from a suspected drunk driver without a warrant and based on probable cause. Schmerber v. California, 384 U.S. 757, 760 (1966). Under Delaware law, when a DUI suspect refuses to permit a breath or blood test a police officer may "take reasonable steps to conduct such chemical testing even without the consent of the person if the officer seeks to conduct such tests without informing the person of the penalty of revocation for such refusal." 21 Del C. 2742 (a). Officers may subdue DUI suspects and force them to take blood tests as long as the force used is reasonable. McCann v. State of Delaware, 588 A.2d 1100, 1102 (Del. Supr. 1991)

Here, plaintiff Laskey had no right to refuse chemical testing because Officer Legates never informed him of the penalty of revocation. (Laskey Aff. A-3). The question therefore becomes whether, under the totality of the circumstances, the force used by Officers Legates and Wheatley was reasonable.

Laskey refused Officer Legates' request that he submit to a breath test. (Legates Aff. A-3). When told that he would be transported to the hospital so that an alcohol reading could be obtained through a blood draw Laskey stated "You better get the big boys. There is no way you're getting blood from my arm...I have nothing to lose." (Laskey Aff. A-3). The only physical contact between Officer Legates and Laskey occurred when Legates

16

grabbed Laskey's legs after Laskey kicked Officer Wheatley in the stomach. Officer Legates did not punch, kick, push or strike Laskey in any way. Officer Legates' limited use of force was objectively reasonable under the circumstances.

Officer Wheatley responded appropriately to Officer Legates' request for assistance. He did not drag or carry Laskey out of the police vehicle. Given the threatening statements made by Laskey regarding his intent to physically resist the blood draw, Officer Wheatley reasonably decided to use leg shackles. When Laskey disobeyed Officer Wheatley's instruction to lean over the trunk, he requested the assistance of two Lewes officers. Despite being kicked in the stomach by Laskey, Officer Wheatley secured the leg shackles with the assistance of Officer Legates.

Officer Wheatley and the Lewes officers carried Laskey into the hospital and placed him on a bed. Laskey became verbally abusive and deliberately wiped blood from his nose onto a nurse's arm. Officer Wheatley then held Laskey's arms down to prevent further assaults or offensive contact with hospital personnel.

Like Officer Legates, Officer Wheatley did not punch, kick, push or strike Laskey. He used only the measured amount of force necessary to secure Laskey and assist hospital personnel.

17

None of the actions taken by Officer Legates and Officer Wheatley threatened Laskey's safety or health.  See McCann, 588 A 2d. 1102 (Officers' actions in arm wrestling and holding DUI suspects' arm down during a blood draw were reasonable in view of lack of threat to suspects' safety or health and strong societal interest in highway safety).  The injury of which Laskey apparently complains occurred when he was placed on the trunk by the two Lewes officers, not Officer Legates or Officer Wheatley.

18

### III. ALTERNATIVELY, THE DOCTRINE OF QUALIFIED IMMUNITY PROTECTS OFFICER LEGATES AND OFFICER WHEATLEY FROM LIABILITY BECAUSE REASONABLE OFFICERS IN DEFENDANTS' POSITION WOULD NOT HAVE KNOWN THAT THEIR CONDUCT VIOLATED A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT

Government officials are protected from liability for civil damages "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). The "contours of the right [the official is alleged to have violated] must be sufficiently clear so that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640. Once a government official raises the defense of qualified immunity the Court must determine "whether a reasonable public official would know his or her specific conduct violated clearly established rights." Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996). (Emphasis in original).

The Supreme Court has ruled that the "reasonableness" inquiry for qualified immunity is separate from the "reasonableness" inquiry for determining whether excessive force was used. Saucier v. Katz, 533 U.S. 194, 204 (2001). Qualified immunity may apply even if there is a material issue of fact on an excessive force claim. Id. The Court explained:

19

An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances.  If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense...Qualified immunity operates...to protect officers from the sometimes "hazy border between excessive and acceptable force." Saucier, 533 U.S. at 205-206 (quoting Priester v. Rivera Beach, 208 F.3d 919, 926-927 (11th Cir. 2000.)

For the reasons set forth in Argument II above, a reasonable officer in Officer Legates' position would not have known that using force to take Laskey's blood sample without his consent violated any clearly established constitutional right.  Officer Legates is therefore entitled to qualified immunity.  Similarly, a reasonable police officer in Officer Wheatley's position would have believed the use of force was lawful.  He is also entitled to qualified immunity.

IV.  DEFENDANTS TOWN OF MILLSBORO AND MILLSBORO POLICE
     DEPARTMENT ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE
     THERE IS NO EVIDENCE OF A MUNICIPAL CUSTOM OR POLICY
     WHICH CAUSED PLAINTIFF'S ALLEGED INJURY.

A local government is not liable for a constitutional injury inflicted solely by its employees or agents. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). A plaintiff seeking to impose liability on a municipality for a constitutional violation under 42 U.S.C. S 1983 must identify a municipal policy or custom that caused the plaintiff's injury. Monell at 694. The municipality can be liable only "when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F. 3d 966, 971 (3d. Cir. 1996).

Plaintiff's Amended Complaint alleges that defendants Town of Millsboro and the Millsboro Police Department "directs police to violate civil law and use unreasonable and excessive force to obtain evidence." There is no evidence to support this allegation. Defendants Town of Millsboro and Millsboro Police Department are entitled to summary judgment because there are no facts in the record which could establish a municipal custom or policy which caused the alleged injury.

21

## CONCLUSION

For the foregoing reasons, defendants request that summary judgment be entered on their behalf.


**AKIN & HERRON, P.A.**

/s/ Bruce C. Herron
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, Delaware  19806
(302) 427-6987
Attorney for Defendants


Dated: July 19, 2007


H:\tmw5\data\files\Docs\3651.044\BRIE\8092.WPD

22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-018-JJF |
| | ) | |
| PFC. ROBERT C. LEGATES, | ) | |
| PFC. WHEATLEY, MILLSBORO | ) | |
| POLICE DEPARTMENT AND TOWN | ) | |
| OF MILLSBORO | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I **HEREBY CERTIFY** that on this 19th day of July, 2007, a copy of **DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court using CM/ECF and was sent first class mail to the following party:

H. Leighton Laskey
T1833286
527 Baltic Avenue
Brooklyn, MD 21225

                              **AKIN & HERRON, P.A.**

                              /s/ Bruce C. Herron
                              Bruce C. Herron
                              Attorney I.D. No.: 2315
                              1500 Shallcross Avenue, Suite 1-A
                              Wilmington, Delaware  19806
                              (302) 427-6987
                              Attorney for Defendants

H:\tmw5\data\files\Docs\3651.044\NOS\8149.WPD