IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-018-JJF |
| | ) | |
| PFC. ROBERT C. LEGATES, | ) | |
| PFC. WHEATLEY, MILLSBORO | ) | |
| POLICE DEPARTMENT AND TOWN | ) | |
| OF MILLSBORO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**AKIN & HERRON, P.A.**
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, Delaware  19806
(302) 427-6987
Attorney for Defendants

Dated: August 27, 2007

## Table of Contents

TABLE OF CITATIONS ...................................... 3

ARGUMENT ............................................... 4-6

    I.    PLAINTIFF HAS FAILED TO SET FORTH SPECIFIC FACTS
        SHOWING THAT THERE IS A GENUINE ISSUE FOR TRIAL

    II.  DEFENDANTS TOWN OF MILLSBORO AND MILLSBORO POLICE
        DEPARTMENT ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE
        THERE IS NO EVIDENCE OF A MUNICIPAL CUSTOM OR POLICY
        WHICH CAUSED PLAINTIFF'S ALLEGED INJURY

CONCLUSION ............................................. 7

## Table of Citations

**CASES**                                                                    **Page**

Beck v. City of Pittsburgh ................................ 6
    89 F.3d 966 (3d Cir. 1996)

Dowling v. City of Philadelphia ......................... 4, 5
    855 F.2d 136 (3d Cir. 1988)

Monell v. Department of Social Services ................... 6
    436 U.S. 658 (3d Cir. 1978)

**FEDERAL RULES & STATUTES**

Federal Rules of Civil Procedure 56(e) ...................4

## ARGUMENT

### I.    PLAINTIFF HAS FAILED TO SET FORTH SPECIFIC FACTS SHOWING THAT THERE IS A GENUINE ISSUE FOR TRIAL.

Rule 56(e) of the Federal Rules of Civil Procedure provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's, pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  In support of their Motion for Summary Judgment, defendants submitted the sworn affidavits of Officer Legates and Officer Wheatley regarding Laskey's arrest on January 3, 2004.  Plaintiff's Opposition to the Motion merely reiterates the allegations in his Amended Complaint and disputes some of the facts in defendants' affidavits.  That is not sufficient to create a genuine issue of material fact for trial.

In Dowling v. City of Philadelphia, 855 F.2d 136 (3d Cir. 1988) the City moved for summary judgment based on sworn testimony of the officers who arrested plaintiff.  Like Mr. Laskey, the plaintiff in Dowling responded to defendants' Motion "with a brief answer and...memorandum denying the City's contentions and reiterating the allegations in her Complaint.

4

She failed to include either any affidavits or any other
supporting materials." Id. at 143.  The Third Circuit affirmed
the District Court's grant of summary judgment in favor of the
City.

The affidavits of Officers Legates and Wheatley show they
did not use excessive force during the course of plaintiff's
arrest and DUI blood draw.  Because plaintiff puts forth no
evidence to the contrary, there is no genuine issue of material
fact.  See Dowling, 855 F.2d 136, 143-144 (Plaintiff may not rely
on denials of defendants' contentions and reiteration of
allegations in the Complaint to defeat motion for summary
judgment, but must instead point to affidavits or other evidence
which supports his claim).

II.  **DEFENDANTS TOWN OF MILLSBORO AND MILLSBORO POLICE
     DEPARTMENT ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE
     THERE IS NO EVIDENCE OF A MUNICIPAL CUSTOM OR POLICY
     WHICH CAUSED PLAINTIFF'S ALLEGED INJURY.**

Plaintiff's Opposition fails to set forth any evidence of a
municipal policy or custom that caused his alleged injury.
Monell v. Department of Social Services, 436 U.S. 658, 694
(1978).  Because there is nothing in the record which indicates
that "the alleged constitutional transgression implements or
executes a policy, regulation or decision officially adopted by
the governing body or informally adopted by custom", Beck v. City
of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996), defendants Town
of Millsboro and Millsbroo Police Department are entitled to
summary judgment.

<u>CONCLUSION</u>

For the foregoing reasons and for the reasons set forth in Defendants' Opening Brief, defendants request that summary judgment be entered on their behalf.

**AKIN & HERRON, P.A.**

/s/ Bruce C. Herron
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, Delaware  19806
(302) 427-6987
Attorney for Defendants

Dated: August 27, 2007

H:\tmw5\data\files\Docs\3651.044\BRIE\8434.WPD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-018-JJF |
| | ) | |
| PFC. ROBERT C. LEGATES, | ) | |
| PFC. WHEATLEY, MILLSBORO | ) | |
| POLICE DEPARTMENT AND TOWN | ) | |
| OF MILLSBORO | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I **HEREBY CERTIFY** that on this 27th day of August, 2007, a copy of **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court using CM/ECF and was sent first class mail to the following party:

H. Leighton Laskey
T1833286
527 Baltic Avenue
Brooklyn, MD 21225

<div style="margin-left:40%">

**AKIN & HERRON, P.A.**

/s/ Bruce C. Herron
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue, Suite 1-A
Wilmington, Delaware  19806
(302) 427-6987
Attorney for Defendants

</div>

H:\tmw5\data\files\Docs\3651.044\NOS\8465.WPD