IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H. LEIGHTON LASKEY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) C.A. No. 06-018-JJF |
| PFC. ROBERT C. LEGATES, PFC. WHEATLEY, MILLSBORO POLICE DEPARTMENT AND TOWN OF MILLSBORO | ) ) ) ) ) ) |
| Defendants. | ) |

**PROPOSED PRE-TRIAL ORDER**

1. <u>Statement of the Nature of the Action</u> -

Plaintiff H. Leighton Laskey alleges that defendants Town of Millsboro Police Officers Robert Legates and Barry Wheatley used excessive and unreasonable force in violation of the Fourth Amendment during the course of plaintiff's DUI arrest on January 3, 2004. Defendants deny plaintiff's claim and assert they used reasonable force to obtain plaintiff's blood sample during his DUI arrest.

2. <u>Constitutional or statutory basis of federal jurisdiction</u> -

Title 42 of the U.S. Code, Section 1983.

3. <u>Statement of Facts which are admitted</u> -

During the early morning hours of January 3, 2004 defendant Millsboro Police Officer Robert Legates observed a vehicle driving erratically near the intersection of Route 13 and SR 24

1

in Millsboro, Delaware. Officer Legates made a traffic stop, approached the vehicle and detected a strong odor of alcohol. The only occupant of the vehicle was the driver, Plaintiff Laskey. Plaintiff failed several field sobriety tests. Officer Legates placed plaintiff under arrest for suspicion of Driving Under the Influence of Alcohol and drove him to Delaware State Police Troop 4 in Georgetown, Delaware.

Officer Legates asked Laskey if he would submit to a breath test in order to measure his blood alcohol level. Laskey refused. Officer Legates informed Laskey that he would be transported to Beebe Hospital in Lewes so that a blood alcohol reading could be obtained through a blood draw. Officer Legates did not inform Laskey of the penalty for refusal of consent to chemical testing.

Personnel at Beebe Hospital extracted blood from plaintiff's arm and obtained a blood sample. The Delaware State Police Crime Lab analysis of plaintiff's blood sample revealed a blood alcohol content of .18. Plaintiff later pled guilty to Driving Under the Influence of Alcohol.

4. <u>Statement of Issues of Fact which remained to be litigated</u> -
Defendant: Defendants maintain there are no issues of fact and they are entitled to judgment as a matter of law. Should the

Court deny defendants' pending Motion for Summary Judgment, defendants submit the following:

(a) Was the degree of force used by Officer Legates and Officer Wheatley excessive under the Fourth Amendment?

Plaintiff:

5. <u>Statement of Issues of Law which remain to be litigated-</u>
   Defendant:

(a) Are defendants Officer Legates and Officer Wheatley entitled to judgment as a matter of law because the force they used during the course of plaintiff's DUI arrest was reasonable under the Fourth Amendment?

(b) Are defendants Legates and Wheatley protected by the doctrine of Qualified Immunity because reasonable Officers in defendants' position would not have known that their conduct violated a clearly established constitutional right?

(c) Are defendants Town of Millsboro and Millsboro Police Department entitled to judgment as a matter of law because there is no evidence of a municipal custom or policy which caused plaintiff's alleged injury?

6. <u>List of Exhibits</u> -

Defendant:

1. Defendant Delaware State Police Crime Lab Analysis of Plaintiff's Blood Sample;

2. Plaintiff's driving record;

3. Record of plaintiff's guilty plea to DUI.

Plaintiff:

7. <u>Names and addresses of all witnesses</u> -

Defendant:      (a) Officer Robert Legates;

                      (b) Officer Barry Wheatley;

                      (c) R.N. Cary Rutherford, Beebe Hospital, 24 Savannah Road, Lewes, Delaware;

                      (d) Patrolman S.A. Downs, Lewes, Delaware Police Department;

                      (e) Patrolman Azato, Lewes, Delaware Police Department.

Plaintiff:

8. <u>Brief statement of what plaintiff intends to prove</u> -

9. <u>Brief statement of what the defendant intends to prove</u> -

Defendants intend to prove that plaintiff cannot meet his burden of showing that defendants Legates and Wheatley used unreasonable and excessive force during the course of plaintiff's DUI arrest. The evidence at trial will show that Officers Legates and Wheatley used reasonable force permitted under the Fourth Amendment.

10. <u>Statements by counter claimants or cross claimants</u> -

11. <u>Any amendments of the pleadings</u> -

12. <u>A certification that a two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement</u> -

There have been no settlement discussions between the parties. Defendants are willing to engage in a good faith effort to explore the resolution of the case by settlement.

13. <u>Any other matters which the parties deem appropriate</u> -

14. <u>This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest and justice</u> -

                                                H. Leighton Laskey
                                                T1833286
                                                527 Baltic Avenue
                                                Brooklyn, MD 21225

Dated: _____

                                                <u>/s/ Bruce C. Herron</u>
                                                Bruce C. Herron, Esquire
                                                Akin & Herron, P.A.
                                                1500 Shallcross Avenue
                                                Suite 1-A
                                                Wilmington, DE 19806
                                                Attorney I.D. No.: 2315
                                                (302)427-6987
                                                Attorney for Defendants

Dated: <u>October 15, 2007</u>

H:\tmw5\data\files\Docs\3651.044\PRET\8987.wpd