IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-018-JJF |
| | ) | |
| PFC. ROBERT C. LEGATES, | ) | |
| PFC. WHEATLEY, MILLSBORO | ) | |
| POLICE DEPARTMENT AND TOWN | ) | |
| OF MILLSBORO | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**BRUCE C. HERRON, ESQUIRE** (Attorney I.D. No.: 2315), 1500 Shallcross Avenue, Suite 1-A, Wilmington, Delaware 19806, Attorney for the Defendants.

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| J-1: Description of Case; Summary of Applicable Law | 3-4 |
| J-2: Conduct of the Jury | 5-6 |
| J-3: Bench Conferences | 7 |
| J-4: Evidence | 8-10 |
| J-5: Direct and Circumstantial Evidence | 11 |
| J-6: Credibility of Witnesses | 12 |
| J-7: Preponderance of the Evidence | 13 |
| J-8: Description of Trial Proceedings | 14-15 |
| J-9: Recess Admonition | 16 |
| J-10: Section 1983 Introductory Instruction | 17 |
| J-11: Section 1983 - Action under Color of State Law | 18 |
| J-12: Section 1983 - Deprivation of a Federal Right - Excessive Force | 19-21 |
| J-13: Section 1983 - Compensatory Damages | 22-24 |
| J-14: Section 1983 - Burden of Proof in Civil Cases | 25 |

2

## J-1: Description of Case; Summary of Applicable Law

In this case, plaintiff H. Leighton Laskey alleges that defendants Town of Millsboro Police Officers Robert Legates and Barry Wheatley used excessive and unreasonable force in violation of the Fourth Amendment during the course of plaintiff's DUI arrest on January 3, 2004.

Defendants Officer Legates and officer Wheatley deny plaintiff's claim and assert they used reasonable force to obtain plaintiff's blood sample during his DUI arrest. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will give you a brief summary of the law which applies to this case:

Police officers are generally entitled to take blood from a suspected drunk driver without a warrant and based on probable cause. Schmurber v California, 384 U.S. 757, 760 (1966). When a DUI suspect refuses to permit a breath or blood test a police officer may take reasonable steps to conduct such chemical testing even without the consent of the person if the officer seeks to conduct such tests without informing the person of the penalty of revocation for such refusal. 21 Del. C. § 2742 (a). Officers may subdue DUI suspects and force them to take blood tests as long as the force used is reasonable. McCann v. State of Delaware, 588 A.2d 1100, 1102 (Del. Super. 1991).

3

In order to prevail plaintiff must prove that defendants Legates and Wheatley used excessive and unreasonable force.

Source: Third Circuit Model Jury Instruction 1.2.

**J-2: Conduct of the Jury:**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retried to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Source: Third Circuit Model Jury Instruction 1.3.

**<u>J-3: Bench Conferences</u>:**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minium.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Third Circuit Model Jury Instruction 1.4.

**J-4: Evidence:**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated-that is, formally agreed to by the parties; and

4. [Any facts that are judicially noticed-that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in Court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

Source: Third Circuit Model Jury Instruction 1.5.

## J-5: Direct and Circumstantial Evidence:

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses–something the witness has seen, felt, touched or heard or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining outside.  Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you.  The law makes no distinction in the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

Source: Third Circuit Model Jury Instruction 1.6.

11

## J-6: Credibility of Witnesses:

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1.    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

2.    the quality of the witnesses's understanding and memory;

3.    the witness's manner while testifying;

4.    whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5.    whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6.    how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7.    any other factors that bear on believability.


Source: Third Circuit Model Jury Instruction 1.7.

**J-7: Preponderance of the Evidence:**

This is a civil case.  Plaintiff H. Leighton Laskey is the party who brought this lawsuit.  Officer Robert Legates and Officer Barry Wheatley are the parties against whom the lawsuit was filed.  Mr. Laskey has the burden of proving his case by what is called the preponderance of the evidence.

That means that Mr. Laskey has to prove to you, in light of all the evidence, that his claim is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mr. Laskey and the evidence favorable to defendants Officer Legates and Officer Wheatley on opposite sides of the scales, Mr. Laskey would have to make the scales tip somewhat on his side. If Mr. Laskey fails to meet this burden, the verdict must be for defendants Officer Legates and Officer Wheatley.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source: Third Circuit Model Jury Instruction 1.10.

13

**J-8: Description of Trial Proceedings:**

The trial will proceed in the following manner:

First, plaintiff H. Leighton Laskey will make an opening statement to you.  Next, Bruce C. Herron, attorney for the defendants Officer Legates and Officer Wheatley may make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  [A party is not required to make an opening statement.]

After both parties have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

Mr. Laskey goes first because Mr. Laskey has the burden of proof.  He will present witnesses who counsel for Officer Legates and Officer Wheatley may cross-examine.  Mr. Laskey may also present evidence.  Following his case the defendants may present evidence.  Mr. Laskey may cross-examine witnesses for the defense. [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, Mr. Laskey will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to his position.  As with opening statements, closing arguments are not evidence. [Once the

14

closing arguments are completed, I will then instruct you on the law.] After that you will retire to the jury room to deliberate on your verdict in this case.

Source: Third Circuit Model Jury Instruction 1.12.

**<u>J-9: Recess Admonition</u>:**

We are about to make [our first] [a] recess [and I remind you of the instruction I gave you earlier].  During this recess and any other recess, you must not discuss this case with anyone, including your fellow juror, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet.] Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

Source: Third Circuit Model Jury Instruction 2.14.

**J-10: Section 1983 Introductory Instruction:**

Plaintiff is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal [constitutional] rights under color of state law.

Source: Third Circuit Model Jury Instruction 4.1.

## J-11: Section 1983 - Action under Color of State Law

Because Officer Legates and Officer Wheatley were officials of the Town of Millsboro at the relevant time, I instruct you that they were acting under color of state law.  In other words, this element of plaintiff's claim is not in dispute, and you must find that this element has been established.

Source: Third Circuit Model Jury Instruction 4.4.1.

## J-12: Section 1983 – Deprivation of a Federal Right – Excessive Force:

I have already instructed you on the first element of plaintiff's claim, which requires plaintiff to prove that defendants acted under color of state law.

The second element of plaintiff's claim is that defendants deprived him of a federal constitutional right.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only use the amount of force necessary under the circumstances. Every person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, plaintiff H. Leighton Laskey claims that defendants Officer Legates and Officer Wheatley used excessive force when they arrested Mr. Laskey. In order to establish that defendants used excessive force, Mr. Laskey must prove both of the following by a preponderance of the evidence:

> First: Defendants intentionally committed certain acts.

> Second: Those acts violated Mr. Laskey's Fourth Amendment right not to be subjected to excessive force.

Police officers are generally entitled to take blood from a suspected drunk driver without a warrant and based on probable cause.  Schmurber v California, 384 U.S. 757, 760 (1966).  When a DUI suspect refuses to permit a breath or blood test a police officer may take reasonable steps to conduct such chemical testing even without the consent of the person if the officer seeks to conduct such tests without informing the person of the penalty of revocation for such refusal.  21 Del. C. § 2742 (a). Officers may subdue DUI suspects and force them to take blood tests as long as the force used is reasonable.  McCann v. State of Delaware, 588 A.2d 1100, 1102 (Del. Super. 1991).

The reasonableness of defendants' acts must be judged from the perspective of a reasonable officer on the scene.  Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of the courtroom, constitutes excessive force.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, plaintiff must prove that defendants intended to commit the acts in question; but apart from the requirement, defendants' actual motivation is irrelevant.  If the force defendants used was unreasonable, it does not matter

20

whether defendants had good motivations, and an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether the officer's acts were objectively reasonable in light of the facts and circumstances confronting the officers.

Source: Third Circuit Model Jury Instruction 4.5.

**J-13: Section 1983 - Compensatory Damages:**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find defendants liable, then you must consider the issue of compensatory damages.  You must award plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of defendants' conduct.

Plaintiff must show that the injury would not have occurred without defendant's act or omission.  Plaintiff must also show that defendants' act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act or omission.  There can be more than one cause of an injury. To find that defendants' act or omission caused plaintiff's injury, you need not find that defendants' act or omission was the nearest cause, either in time or space.  However, if plaintiff's injury was caused by a later, independent event that intervened between defendants' act or omission and plaintiff's injury, defendant is not liable unless the injury was reasonably foreseeable by defendants.

advantage of an opportunity that was reasonably available to him, then you must reduce the amount of plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

Source: Third Circuit Model Jury Instruction 4.8.1.

24

**J-14: Section 1983 - Burden of Proof in Civil Cases:**

As you know, plaintiff claims that defendants used excessive and unreasonable force during the course of plaintiff's arrest for driving under the influence of alcohol.

This is a civil case.  Plaintiff has the burden of proving his case by the preponderance of the evidence.  That means plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  In other words, if you were to put the evidence favorable to plaintiff and evidence favorable to defendants on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, the verdict must be for the defendants.

Source: Third Circuit Model Jury Instruction 4.13.1.

H:\tmw5\data\files\Docs\3651.044\JURY\8996.WPD